HLAVIN, APPELLEE, *v.* W. E. PLECHATY CO., APPELLANT.

(No. 30844—Decided October 14, 1971.)

*Messrs. Parks, Eisele, Lawrence & Bates* and *Mr. James M. Wilsman,* for appellee.

*Messrs. Calfee, Halter, Calfee, Griswold & Sommer* and *Mr. Terence J. Clark,* for appellants.

KRENZLER, J. This appeal concerns Ohio's new Rules of Civil Procedure, and specifically involves Rule 37, which provides for sanctions against persons who unjustifiably resist discovery in civil actions.

Vincent J. Hlavin initiated this action in the Court of Common Pleas of Cuyahoga County to recover lost compensation and other damages resulting from his ouster as a shareholder, officer and director of the defendant cor-

poration. Defendants, appellants herein, in defending the action, took Hlavin's deposition over three separate days. During the deposition Hlavin refused to answer numerous questions propounded to him. Thereafter, appellants filed a motion to compel discovery in order to force Hlavin to answer forty seven of the questions which he had refused to answer on deposition. The motion also requested the court to grant appellants the reasonable expenses, costs and attorney fees incurred by them in preparing, filing and securing the motion.

After a hearing, the trial court granted the motion as to forty four of the questions and ordered Hlavin to pay to appellants $89.10 in deposition expenses and $250 as attorneys fees, or a total of $339.10.

Appellants appealed from this order on grounds that as to the amount of attorneys fees the order is against the weight of the evidence presented at the hearing and that the Trial Court employed an improper standard in determining the sum ordered to be paid.

In addition, the appellee raised the question whether the order awarding expenses and attorneys fees is a final appealable order. R. C. 2505.02 permits an appeal from any order affecting a substantial right made in a special proceeding. The order in this case is such an order and an appeal may be taken from it.

Rule 37(A)(2) provides for motions to compel answers to questions asked on depositions. Rule 37(A)(4) provides in pertinent part, "* * * if the motion to compel answers is granted, the trial court shall, after opportunity for hearing require the * * * deponent who opposed the motion * * * to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that circumstances make an award of expense unjust."

The Trial Court did grant appellants' motion, a hearing was held and Hlavin was ordered to pay an amount which the Trial Court determined represented the reasonable expenses including attorney fees incurred in obtaining the order. The question raised by this appeal is whether

the amount awarded appellants for attorney fees was reasonable.

The Rules of Civil Procedure contain broad provisions for discovery. Under Rule 26, discovery may be had of any matter, not privileged, which is relevant to the subject matter of the pending action. In doing so the rules exemplify a policy of affording attorneys every opportunity and advantage in preparing their case before trial. See staff notes to Rule 26(B)(1) and *Ex Parte Oliver* (1962), 173 Ohio St. 125.

Sanctions are a necessary element in the scheme for liberal discovery. Obviously, if discovery could be blocked or resisted with impunity the benefits intended to be derived therefrom would be lost. The policy of permitting discovery requires that there be sanctions and that they be enforced.

The method of sanctions adopted by the Rules of Civil Procedure is to require the resisting party to compensate the party seeking discovery for the expenses necessarily incurred as a result of such resistance. However, there is no provision in the rules for punishment of the resisting party, but a compensatory award is apparently thought to be sufficient sanction. The moving party cannot hope to obtain a windfall by claiming a sum not reasonably related to legal services actually needed to be performed.

Appellants attorneys presented a time sheet showing 38.3 hours of work, over a period of 17 different days, in connection with the motion to compel discovery. They argue that this amount of time was necessary and that the reasonable value for their legal service computed at the rate of $40 per hour is $1,332.

A court must base its determination of reasonable attorney fees upon the actual value of the necessary service performed. There must be some evidence which supports the court's determination. *Watters* v. *Love* (1965), 1 Ohio App. 2d 571. Obviously, in making such a determination, time spent by the attorneys and a reasonable rate to be charged for that time are important factors to be considered by the court.

But fees may not always be awarded on the basis of

whatever evidence is presented regarding time. The court may disagee with the attorneys as to the amount of time reasonably required to perform the service of obtaining the order compelling discovery. The court will give the evidence such weight as it deserves under all the facts and circumstances in a given case.

The burden lies with the party seeking sanctions to prove the necessary services performed and the reasonable value of such services. In the present case appellants' evidence concerning the number of hours of work performed was before the trial court when it found that reasonable attorney fees incurred in obtaining the order were $250. We do not feel that the trial court's determination was erroneous.

*Judgment affirmed.*

MANOS, P. J., and JACKSON, J., concur.