OPINION
{¶ 1} Plaintiffs-appellants, Jeffrey L. Kinsey and his wife Andrea R. Kinsey, appeal from an order of the Franklin County Court of Common Pleas granting defendant-appellee Progressive Preferred Insurance Company's ("Progressive") motion to compel an independent medical examination of Mr. Kinsey.
 {¶ 2} On March 13, 2002, plaintiffs filed a complaint, which asserts 17 causes of action against various parties, including Progressive. The causes of action contained in the complaint derive from a motor vehicle collision that occurred December 28, 2000, on Ohio State Route 31. Inter alia, the complaint alleges that plaintiffs sustained personal injuries as a result of the collision. The complaint includes two claims against Progressive — one for declaratory judgment and one for breach of contract.
 {¶ 3} On December 27, 2002, Progressive filed a motion, pursuant to Civ.R. 35(A), to compel an independent medical examination of Mr. Kinsey. Civ.R. 35(A) states as follows:
When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit himself to a physical or mental examination or to produce for such examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.
 {¶ 4} Pursuant to Civ.R. 35(A), a court may order a party to submit himself or herself to a physical or mental examination if the physical or mental condition of the party is "in controversy," a motion has been filed, and the movant party demonstrates "good cause" for the motion. Furthermore, this order "shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." On January 8, 2003, the trial court entered an order granting Progressive's motion to compel an independent medical examination of Mr. Kinsey. The January 8, 2003 order of the trial court states as follows:
This matter came before the Court on defendant Progressive Preferred Insurance Company's motion to compel the IME of plaintiff Jeffrey L. Kinsey. This Court finds that good cause is shown pursuant to Ohio Civ. R. 35 and that defendant's motion is well-taken and is hereby GRANTED. Therefore, plaintiff Jeffrey L. Kinsey is hereby ORDERED to travel to Columbus, Ohio, to undergo an independent medical examination with Dr. Walter H. Hauser on Wednesday, January 15, 2003, at 9:00 a.m.
 {¶ 5} Plaintiffs appeal from this decision of the trial court and assert the following assignments of error:
I. The trial court erred in granting progressive preferred insurance company's motion to compel a medical examination of Jeffrey L. Kinsey after the discovery deadline set by the court without evidence of "good cause."
II. The trial court erred in granting progressive preferred Insurance Company's motion to compel a medical examination of Jeffrey L. Kinsey on the basis that good cause was shown under Ohio Civil Rule 35 when the record is devoid of evidence supporting such a conclusion.
 {¶ 6} On February 20, 2003, Progressive filed a motion to dismiss this appeal for lack of a final appealable order. Before addressing the merits of this appeal, we must first determine whether the order appealed from constitutes a final appealable order.
 {¶ 7} Appellate courts have jurisdiction to review final orders or judgments of lower courts within their respective appellate districts. Section 3(B)(2), Article IV, Ohio Constitution. If an order is not final, then the appellate court has no jurisdiction. Gen. Acc. Ins. Co. v. Ins. Co. of N.America (1989), 44 Ohio St.3d 17, 20. "` * * * [T]he entire concept of "final orders" is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof.'" Noble v. Colwell (1989), 44 Ohio St.3d 92,94, quoting Lantsberry v. Tilley Lamp Co. (1971),27 Ohio St.2d 303, 306. For the reasons that follow, we find that plaintiffs have appealed from a final appealable order.
 {¶ 8} Final appealable orders are statutorily defined in R.C.2505.02(B)(1) through (5). R.C. 2505.02(B), as amended, states as follows:
An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
(3) An order that vacates or sets aside a judgment or grants a new trial;
(4) An order that grants or denies a provisional remedy and to which both of the following apply:
(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
(5) An order that determines that an action may or may not be maintained as a class action.
 {¶ 9} Under former R.C. 2505.02, discovery orders were deemed interlocutory. Miller v. Anthem, Inc. (Dec. 12, 2000), Franklin App. No. 00AP-275, citing State ex rel. Steckman v. Jackson
(1994), 70 Ohio St.3d 420, 438 (holding that "[d]iscovery orders are interlocutory and, as such, are neither final nor appealable"). However, this court repeatedly held that a trial court judgment ordering a psychological evaluation, pursuant to Civ.R. 35(A), constitutes a final appealable order within the context of custody proceedings. See In re Guardianship ofJohnson (1987), 35 Ohio App.3d 41, 43 (stating "we hold that a Civ.R. 35[A] order for a psychiatric examination affects a substantial right when made in a guardianship proceeding");Shoff v. Shoff (July 27, 1995), Franklin App. No. 95APF01-8 (stating "a Civ.R. 35[A] order for a mental examination affects a substantial right when made in a custody action. Thus, this order is final and appealable. * * * Inasmuch as the underlying action presented in this appeal is a special proceeding affecting a substantial right, we find no conflict with Steckman.");Williamson v. Williamson (Nov. 25, 1997), Franklin App. No. 97APF05-629 (applying the same reasoning as Shoff).
 {¶ 10} We find that the order appealed from in this case meets the requirement of R.C. 2505.02(B)(4). Specifically, the order granted a provisional remedy and the tests of R.C.2505.02(B)(4)(a) and (b) are satisfied. Determining whether the appealed order is a final order, under R.C. 2505.02(B)(4), requires a three-step analysis. See State v. Muncie (2001),91 Ohio St.3d 440, 446, wherein the Ohio Supreme Court states:
[A]n order is a "final order" [under R.C. 2505.02(B)(4)] if it satisfies each part of the three-part test: (1) the order must either grant or deny relief sought in a certain type of proceeding — a proceeding that the General Assembly calls a "provisional remedy," (2) the order must both determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party with respect to the provisional remedy, and (3) the reviewing court must decide that the party appealing from the order would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. * * *
 {¶ 11} The order at issue grants a provisional remedy. As used in R.C. 2505.02, a "provisional remedy" is defined as "a proceeding ancillary to an action, including, but not limitedto, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence." (Emphasis added.) R.C. 2505.02(A). The Ohio Supreme Court inMuncie, at 448, noted that the phrase "including, but not limited to" precedes a nonexhaustive list of examples. Id., citing State v. Lozano (2001), 90 Ohio St.3d 560, 562. In other words, the list is "illustrative and not exhaustive" in view of the "not limited to" language included in the definition.Boedeker v. Rogers (2000), 140 Ohio App.3d 11, 18. The Supreme Court also stated that "for purposes of R.C. 2505.02(A)(3)'s definition, `[a]n ancillary proceeding is one that is attendant upon or aids another proceeding.'" Muncie, at 449, quotingBishop v. Dresser Industries (1999), 134 Ohio App.3d 321, 324. We find that discovery pursuant to a Civ.R. 35(A) medical examination is a "provisional remedy" ancillary to an underlying action, even though a proceeding regarding a compelled medical examination is not expressly enumerated in R.C. 2505.02(A)(3). Thus, the order plaintiffs appeal from granted a provisional remedy, as that term is defined in R.C. 2505.02(A)(3) and used in R.C. 2505.02(B)(4).
 {¶ 12} In this case, the order determines the action with respect to the provisional remedy and prevents a judgment in favor of the plaintiffs with respect to the provisional remedy. The trial court's ruling on Progressive's Civ.R. 35(A) motion to compel an independent medical examination of Mr. Kinsey determines the action with respect to the motion and prevents judgment for plaintiffs with respect to the motion. The second part of the three-part test is met because the order for a medical examination meets the requirement of R.C.2505.02(B)(4)(a).
 {¶ 13} The requirement of R.C. 2505.02(B)(4)(b) is also met in this case. "[A]n order arising from a provisional remedy is not a final order unless `the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.'" Muncie, at 451, quoting R.C. 2505.02(B)(4)(b). Courts have an interest in avoiding piecemeal litigation. Id. However, "[i]n some instances, `[t]he proverbial bell cannot be unrung and an appeal after final judgment on the merits will not rectify the damage' suffered by the appealing party." Id. citingGibson-Myers Assocs. v. Pearce (Oct. 27, 1999), Summit App. No. 19358. In Gibson-Myers Assocs., the court further stated:
* * * On its face, R.C. 2505.02(A)(3) is flexible and able to address situations where a party has a protectable interest at stake and yet has no meaningful ability to appeal the decision which discloses that interest to others. If a trial court orders the discovery of trade secrets and such are disclosed, the party resisting discovery will have no adequate remedy on appeal. * * *
 {¶ 14} This court has followed the "bell-ringing" reasoning of Gibson-Myers Assocs. See Cuervo v. Snell (Sept. 26, 2000), Franklin App. No. 99AP-1442 (holding that a court's ruling on the discovery of privileged matter between an attorney and his or her client is appealable because "once that information is disclosed, the `proverbial bell cannot be unrung.'");Schottenstein, Zox Dunn v. McKibben, Franklin App. No. 01AP-1384, 2002-Ohio-5075, at ¶ 19 ("Once the client file is revealed, the bell will have rung, and, if in fact the file contains sensitive material, [appellant] would have no adequate remedy on appeal. We thus conclude that the trial court's decision on the motion to compel discovery constitutes a final appealable order[.]"). In the case at bar, the Civ.R. 35(A) order did not specify the scope of the examination. Such an order presents the danger of an unjust invasion of privacy that an appellate court would be unable to remedy in an appeal taken after final judgment. Accordingly, we conclude that because the trial court's Civ.R. 35(A) order did not specify the scope of the medical examination, R.C. 2505.02(B)(4)(b) is satisfied.
 {¶ 15} Because the trial court's January 8, 2003 order satisfies the requirements of R.C. 2505.02(B)(4), it is a final order, and we have jurisdiction to consider plaintiffs' appeal from that order. Therefore, Progressive's motion to dismiss this appeal is overruled. Consequently, we now address the merits of plaintiffs' appeal.
 {¶ 16} Plaintiffs' assignments of error are interrelated, and we will construe them together. In view of plaintiffs' assignments of error and accompanying issues presented for review, we resolve that plaintiffs contend that it was error for the trial court to grant Progressive's motion to compel an independent medical examination of Mr. Kinsey pursuant to Civ.R. 35(A) because the "in controversy" and "good cause shown" requirements were not established, and the order did not specify the "manner, conditions, and scope of the examination," as required by Civ.R. 35(A). For the following reasons, we sustain plaintiffs' assignments of error.[1]
 {¶ 17} Before a court may order a physical or mental examination, the physical or mental condition of a party must be in controversy, and there must be good cause shown by a movant party. See Civ.R. 35(A). The 1970 Staff Notes to Civ.R. 35 state that "[t]he determination of `in controversy' and `good cause' is a case by case determination." After the requirements of Civ.R. 35(A) are met, whether to order the physical or mental examination is within the sound discretion of the trial court. See Shoff, supra. When a trial court orders a physical or mental examination, it must specify the "time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." Id. As recognized by this court in Shoff, the United States Supreme Court, inSchlagenhauf v. Holder (1964), 379 U.S. 104, 118, 85 S.Ct. 234, stated that the "good cause" and "in controversy" requirements of Fed.R.Civ.P. 35, "are not met by mere conclusory allegations of the pleadings — nor by mere relevance to the case — but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination."
 {¶ 18} Furthermore, this court, in In re Guardianship ofJohnson (1987), 35 Ohio App.3d 41, 44, stated that "absent waiver, the `good cause' requirement cannot be established merely by argument of counsel." There are, however, instances where the pleadings alone sufficiently establish the "in controversy" and "good cause" requirements. See Schlagenhauf, supra, at 119. In view of plaintiffs' complaint, including the allegations asserted against Progressive contained therein, we find that Mr. Kinsey's physical condition is sufficiently "in controversy." Furthermore, we find that this is a situation in which the pleadings alone sufficiently establish the "good cause" requirement.
 {¶ 19} Notwithstanding our determination with respect to the "in controversy" and "good cause" requirements, the trial court clearly erred by failing to specify the scope of the examination, as noted above. This information, which is required under Civ.R. 35(A), is wholly absent from the January 8, 2003 order, which granted Progressive's motion to compel an independent medical examination of Mr. Kinsey. This omission is not harmless error under Civ.R. 61. Thus, we sustain plaintiffs' assignments of error because the trial court failed to specify the scope of the examination, as required under Civ.R. 35(A).
 {¶ 20} For the foregoing reasons, defendant Progressive Preferred Insurance Company's motion to dismiss this appeal is overruled, plaintiffs' two assignments of error are sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Motion to dismiss overruled, judgment reversed and cause remanded.
Sadler and Deshler, JJ., concur.
[1] Our review in this case is limited to determining whether the trial court erred when it granted Progressive's motion for a compelled examination pursuant to Civ.R. 35; we will not address the rights and duties of the respective parties under contract law.