NICKEL ET AL., APPELLEES, *v.* CARTER, APPELLEE; FENTON ET AL., APPELLANTS.

[Cite as *Nickel v. Carter,* 104 Ohio St.3d 542, 2004-Ohio-6776.]

(No. 2004–0122—Submitted October 26, 2004—Decided December 17, 2004.)

PFEIFER, J.

{¶ 1} In the spring of 1999, Robin L. Carter reported alleged abuse of her niece to a guidance counselor at her niece's school. As a result of this report, appellee Lesley L. Nickel was tried for rape, gross sexual imposition, and sexual imposition. Nickel was found not guilty on all charges.

{¶ 2} After the trial, Nickel and his wife sued Carter for slander, malicious prosecution, intentional infliction of emotional distress, negligent infliction of emotional distress, conspiracy, and loss of consortium. Carter denied the allegations in the Nickels' complaint and counterclaimed for intentional infliction of emotional distress, negligent infliction of emotional distress, and assault. The trial court granted a pretrial motion to have Carter's niece, the victim of the alleged abuse, submit to a psychological evaluation pursuant to Civ.R. 35(A). The

niece appealed from the grant of this motion. The court of appeals dismissed the appeal, determining that the trial court's order was not final and appealable. The court of appeals certified a conflict, asking: "Is a ruling on a Civ.R. 35(A) motion for an independent psychological examination a final and appealable order?"

{¶ 3} This cause is now before this court upon our determination that a conflict exists.

{¶ 4} For the reasons that follow, we answer the certified question in the negative.

{¶ 5} R.C. 2505.02(B) states:

{¶ 6} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 7} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶ 8} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶ 9} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶ 10} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶ 11} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ 12} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 13} "(5) An order that determines that an action may or may not be maintained as a class action."

{¶ 14} Neither party contends that R.C. 2505.02(B)(1), (3), (4), or (5) applies to this case; accordingly, we will not discuss these provisions. Turning to R.C. 2505.02(B)(2), the order issued by the trial court is not a "summary application in an action after judgment." Therefore, the issue before us turns on whether the order issued by the trial court is "[a]n order that affects a substantial right made in a special proceeding."

{¶ 15} In *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213, syllabus, we stated, "Orders that are entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02." Each one of the claims asserted in the suit below—slander, malicious prosecution, intentional infliction of emotional distress, negligent infliction of emotional distress, conspiracy, loss of

consortium, and assault—was recognized at common law. None of the claims were specially created by statute. We conclude that the order issued by the trial court was not issued in a special proceeding. Accordingly, we hold that the ruling on the Civ.R. 35(A) motion for an independent psychological examination in this case was not a final and appealable order and affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Jeffrey P. Nunnari, for appellees Lesley and Lisa Nickel.

Michael W. Sandwisch, for appellants.