OPINION
{¶ 1} Michelle and Christopher Stratman appeal from an October 24, 2005 order of the Franklin County Court of Common Pleas in which the court granted appellee Cindy Sutantio's motion to compel appellant, Michelle Stratman, to submit to an independent medical examination and to pay the costs of appellee's motion to compel. For the reasons that follow, we affirm in part, and reverse in part, the trial court's order.
 {¶ 2} On January 13, 2005, the Stratmans filed a complaint in the Franklin County Court of Common Pleas alleging various causes of action against appellee in connection to an automobile accident.[1] As is relevant to this appeal, the complaint asserted that, as a direct and proximate result of appellee's negligence, appellant "permanently suffered injuries to her neck, has had frontal headaches and dizziness, bilateral trapezius pain, concussion, general discomfort and other injuries. She has also experienced physical pain, mental distress, anxiety, physical impairment, loss of enjoyment of life, and inability to perform everyday activities." (First Amended Complaint, ¶ 2.) In addition, appellant claimed past and future medical expenses, lost income and other damages.[2]
 {¶ 3} The case progressed through standard discovery procedures. Both parties issued and answered interrogatories and requests for admissions and disclosed the names of potential witnesses. On July 25, 2005, appellee entered a stipulation of negligence. Soon thereafter, the parties began to conduct depositions, with defense counsel deposing appellant in early September 2005.
 {¶ 4} Subsequently, on September 12, 2005, defense counsel sent a "Notice of Independent Medical Examination" to appellant's counsel. The notice indicated that defense counsel had scheduled an appointment for October 19, 2005 at 9:40 a.m. to have appellant examined by Dr. Hauser at Dr. Hauser's office. In response, appellant's counsel sent a letter to appellee's attorney. The letter stated that the Civil Rules of Procedure do not recognize a notice for an independent medical exam ("IME") and advised counsel to look to Civ.R. 35 and Kinsey v. Erie Ins.Group, Franklin App. No. 03AP-51, 2004-Ohio-579, for further advice. Appellee's counsel responded by letter on September 30, 2005, asking whether appellant would attend the scheduled exam or if a motion to compel and request for an order for the IME would be necessary. Appellant's October 10, 2005 response reiterated her previous objection, but conceded an appearance if several listed conditions, such as having a witness accompany appellant during the examination and a complete response to an enclosed subpoena duces tecum by the examining physician, were met.
 {¶ 5} On October 13, 2005, appellee filed a motion to compel appellant to submit to the scheduled IME and to award costs associated with the motion. Appellee asserted that the IME was proper under Civ.R. 35 because appellant claimed physical injury arising from appellee's negligence and appellee should be afforded the opportunity for an independent examine to establish damages. Appellant filed a memorandum contra, in which she objected to the IME on the basis that it could not be ordered before appellee filed a motion producing evidence of both an existing medical controversy and good cause.
 {¶ 6} On October 24, 2005, the trial court granted appellee's motion and issued its "Order Compelling [Appellant] to Submit to an Independent Medical Examination and to Pay the Costs of [Appellee's] Motion to Compel." The trial court ordered appellant to submit to the IME "on October 19, 2005 at 9:40 a.m. at the office of Dr. Walter Houser, located at 85 McNaughten Road, Suite 200, Columbus, Ohio 43213, as noticed" by appellee and to reimburse appellee the sum of $290 for costs associated with the motion. The order also stated that "[t]here is no just cause/reason for delay."
 {¶ 7} Appellant filed a timely appeal, raising the following assignments of error:
I. THE TRIAL COURT ERRED IN ORDERING PLAINTIFF TO ATTEND A MEDICAL EXAMINATION ABSENT COMPLIANCE WITH CIVIL RULE 35.
II. THE TRIAL COURT ERRED IN ORDERING PLAINTIFF TO PAY COSTS OF DEFENDANT'S MOTION TO COMPEL ABSENT COMPLIANCE WITH CIVIL RULE 37.
 {¶ 8} Although not raised by the parties, we first address whether the trial court's order is a final, appealable order. To be appealable, a final order must do more than recite that there is no just reason for delay. The order must also fall within the statutory definition of a final order pursuant to R.C. 2505.02.
 {¶ 9} We note that in Kinsey, we held that a similar order qualified as a final order under R.C. 2505.02(B)(4):
We find that the order appealed from in this case meets the requirement of R.C. 2505.02(B)(4). Specifically, the order granted a provisional remedy and the tests of R.C.2505.02(B)(4)(a) and (b) are satisfied. * * *
Id. at ¶ 10. Applying the three-part test found in State v.Muncie (2001), 91 Ohio St.3d 440, 446, we found that the order (1) granted a provisional remedy; (2) determined the action and prevented judgment in the plaintiff's favor with respect to that provisional remedy; and (3) because the order did not specify the scope of the exam, it presented the danger of an unjust invasion of privacy, preventing a meaningful or effective remedy by appeal taken after final adjudication of all claims. Kinsey, supra, at ¶ 10-14.
 {¶ 10} We reach the same conclusion here. The order compelling attendance at the IME is a provisional remedy that is determinative to the issue, preventing a contrary order in appellant's favor. Most important, however, is the observation that an order that fails to address the scope of an independent physical exam presents the danger of an unjust invasion of privacy or other protected disclosure that could not be remedied on appeal. In this case, as in Kinsey, the trial court's order conspicuously lacks any attempt to establish the scope of the scheduled IME. Therefore, we find that it is a final order pursuant to R.C. 2505.02(B)(4).[3]
 {¶ 11} In essence, appellant's first assignment of error is identical to the issue raised by the second assignment of error in Kinsey.[4] Appellant asserts that the trial court erred in granting the motion to compel absent compliance with Civ.R. 35. As was the case in Kinsey, we find that the order was proper in practice, but ultimately failed in its scope.
 {¶ 12} Initially, we take this opportunity to observe an apparent failing, or conflict, within the civil rules. As appellant indicates, there is no provision within the rules for a "Notice of Independent Medical Exam." Instead, scheduling an IME by notice appears to be the custom and practice adopted by a majority of practitioners before the Franklin County Court of Common Pleas in cases alleging personal injury.
 {¶ 13} This custom arose in light of several factors, all in the cooperative spirit of the Ohio Rules of Civil Procedure. First, as pronounced in Civ.R. 26, the rules are intended, in part, "to preserve the right of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of such cases." Thus, parties are permitted to obtain discovery in a variety of ways, including physical and mental examinations.
 {¶ 14} The second factor — a preference for informal discovery — is both inherent to the Ohio Rules of Civil Procedure and expressly set forth in Loc.R. 47 of the Franklin County Court of Common Pleas. Loc.R. 47.01 provides as follows:
Counsel will participate in discovery conferences with opposing counsel and shall freely exchange discoverable information and documents upon informal request. Counsel shall make every effort to resolve discovery disputes by agreement prior to filing motions with the Court.
While the informal mechanisms for exchanging discoverable information by means of depositions, requests for the production of documents and interrogatories can be found within the Rules of Civil Procedure, the same cannot be said for obtaining discoverable information through a medical examination. Instead, Civ.R. 35(A) permits a court to order a party to submit to examination "on motion for good cause shown[.]"
 {¶ 15} However, over time, courts and attorneys alike found a rational middle ground for cases in which the plaintiff asserts mental or physical injury. In those cases, the allegation of injury, paired with a demand for compensatory damages, positively indicates that the party's physical condition is in controversy and there is good cause to permit an opposing party to independently inquire as to the cause and/or extent of injuries.[5] Consequently, most attorneys have adopted the "notice of independent medical examination" as an effective and accepted method of the cooperative discovery envisioned both by the Rules of Civil Procedure and the Local Rules of the court below. This practice recognizes that "[p]retrial physical and mental examinations are so well established, they are generally arranged amicably without court intervention," and embraces the informal, cooperative discovery system encouraged by Ohio courts. Staff Notes to Civ.R. 35.
 {¶ 16} However, some insist that the literal wording of Civ.R. 35 trumps the spirit of cooperative discovery. Supported by the lack of any reference to a "Notice of Independent Medical Examination" in the Civil Rules, as well as the "on motion for good cause shown" language in Civ.R. 35, some parties oppose attempts to schedule an IME via notice. The result is that the party who clearly has the right to this form of discovery is compelled to file a motion with the court, thus taking court time to resolve what we believe should be handled by counsel for the parties.
 {¶ 17} Appellant concedes that appellee is entitled to conduct an IME, but demands that appellee seek court intervention from the outset. This approach serves to frustrate the spirit of the Civil Rules and the goals listed in Civ.R. 1.[6] By forcing opposing parties to file a motion for a court ordered IME in every case, rather than cooperating in the local custom of scheduling by notice, appellant only delays the administration of justice by adding several steps to an otherwise uncomplicated matter. Furthermore, appellee's approach adds unnecessary expense to both the parties and the court, which must serve as a referee in what is intended to be a self-governed arena.
 {¶ 18} As a consequence, we review the trial court's order compelling appellant Michelle Stratman to submit to an independent medical examination. Civ.R. 35(A) provides:
When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit himself to a physical or mental examination or to produce for such examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.
Appellant contends that the trial court's order contravenes the "in controversy" and "good cause" requirements set forth in Civ.R. 35.[7] Appellant insists these requirements oblige the moving party to present evidence outside the pleadings affirmatively demonstrating that the party's physical condition is genuinely in controversy. Appellant relies on the following passage from Kinsey:
* * * As recognized by this court in [Shoff v. Shoff (1995), Franklin App. No. 95APF01-8], the United States Supreme Court, inSchlagenhauf v. Holder (1964), 379 U.S. 104, 118 * * * stated that the "good cause" and "in controversy" requirements of Fed.R.Civ.P. 35, "are not met by mere conclusory allegations of the pleadings — nor by mere relevance to the case — but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination.
Id. at ¶ 17.
 {¶ 19} However, our opinion in Kinsey did not end at paragraph 17. Instead, we continued and, in the next paragraph, observed:
* * * There are, however, instances where the pleadings alone sufficiently establish the "in controversy" and "good cause" requirements. See Schlagenhauf, supra, at 119. In view of plaintiffs' complaint, including allegations asserted against Progressive contained therein, we find that Mr. Kinsey's physical condition is sufficiently "in controversy." Furthermore, we find that this is a situation in which the pleadings alone sufficiently establish the "good cause" requirement.
Id. at ¶ 18. This case also presents an instance where the pleadings alone sufficiently establish the "in controversy" and "good cause" requirements of Civ.R. 35(A). To clarify our position in Kinsey, and erase any doubt as to whether a party moving for an IME of a party claiming physical injuries must present additional evidence to obtain the IME, we now reiterate the United States Supreme Court's observation in Schlagenhauf,
supra:
Of course, there are situations where the pleadings alone are sufficient to meet these requirements. A plaintiff in anegli-gence action who asserts mental or physical injury, * * *places that mental or physical injury clearly in controversy andprovides the defendant with good cause for an examination to determine the existence and extent of such asserted injury. * * *
Id. at 119. (Emphasis supplied.)
 {¶ 20} Accordingly, that part of the trial court's order that commands appellant to submit to an IME was proper and is affirmed. However, the order itself is deficient, as it fails to address the proper scope of the examination. Thus, we must sustain appellant's first assignment of error and remand this case to allow the trial court to establish the scope of the exam in a way that guarantees appellee's right to an independent evaluation of appellant's medical condition while also protecting appellant from unwarranted intrusion.
 {¶ 21} We note that courts generally are not trained in medicine and therefore are unable to know precisely the necessary scope that a medical examination should take. However, given the language of Civ.R. 35, courts must attempt to establish the scope of an IME when the parties are unable or unwilling to cooperate in doing so. As each IME will differ based on the conditions in controversy, the court need only confine the exam to matters pertinent to the disputed condition. So long as the exam is conducted according to accepted standards of the medical profession, unjustified intrusion into irrelevant areas should be prevented. Moreover, while the parties are welcome to suggest conditions, it is within the court's discretion to accept or reject those suggestions. See Vetter v. Twesigye,159 Ohio App.3d 525, 2005-Ohio-201. Therefore, the first assignment of error is sustained to the extent stated above.
 {¶ 22} Appellant's second assignment of error challenges the trial court's order that she reimburse appellee for costs associated with appellee's motion to compel. Appellant contends that the trial court erred in imposing this sanction because no discovery violation occurred or, in the alternative, she was not given an opportunity for hearing. Appellee asserts that the award was a proper exercise of the court's discretion.
 {¶ 23} As was the case with appellant's first assignment of error, we must determine whether the trial court's order, with regard to the imposition of sanctions, constitutes a final appealable order. During oral argument, appellant conceded that the order granting attorney fees could be appealed at the end of the case. However, she also cited Hlavin v. W.E. Pletchaty Co.
(1971), 28 Ohio App.2d 43, in support of her desire to appeal the order now, rather than after the conclusion of the case. InHlavin, the Eighth District Court of Appeals held that an order awarding expenses and attorney fees pursuant to Civ.R. 37(A) is an order affecting a substantial right made in a special proceeding. Accordingly, the court found that the order was final and appealable. Id. at 44.
 {¶ 24} However, after Hlavin was issued, the Supreme Court of Ohio reached the opposite result in Kennedy v. Chalfin
(1974), 38 Ohio St.2d 85:
* * * [D]iscovery techniques are pretrial procedures used as an adjunct [to] a pending lawsuit. They are designed to aid in the final disposition of the litigation, and are, therefore, to be considered as an integral part of the action in which they are utilized. They are not "special proceedings," as that phrase is used in R.C. 2505.02. Hence, a sanction order arising out of discovery procedures is not an order rendered in a special proceeding.
Id. at 89. The Supreme Court of Ohio further clarified its position in State ex rel. Steckman v. Jackson (1994),70 Ohio St.3d 420, where the court observed that "[d]iscovery orders are interlocutory and, as such, are neither final nor appealable." Id. at paragraph seven of the syllabus. Thus, under the former version of R.C. 2505.02, all discovery orders were considered interlocutory and, thus, not immediately appealable.
 {¶ 25} However, effective July 22, 1998, R.C. 2505.02 was substantially amended, vastly expanding the definition of a final order. Under the amended version, provisional remedies, such as discovery orders, are no longer categorically precluded from immediate review. Instead, the order is deemed final and appealable if it determines the action and prevents judgment in favor of the appealing party with respect to the issue and is unsuited to an effective remedy by appeal following adjudication of the entire case. This is the definition under which we found the above order to be appealable.
 {¶ 26} Unlike the order compelling attendance at the IME, the award of costs does not appear to be a final order under R.C.2505.02. The award does not affect a substantial right, in effect determining the action, and the personal injury case below is not a special proceeding. R.C. 2505.02(B)(1) and (2). There is no order vacating or setting aside an order or granting a new trial. R.C. 2505.02(B)(3). Appellant concedes there is no danger that a meaningful or effective remedy would not be available upon an appeal after final judgment has been rendered in the case. R.C.2505.02(B)(4).
 {¶ 27} Therefore, considered on its own, the trial court's order awarding fees is not a final order. If the appeal before this court concerned only the award of costs, we would be remiss to exercise our jurisdiction. However, it is arguable that the award is an essential part of the overall order, and is thus appealable. Accordingly, we will address the merits of appellant's second assignment of error.
 {¶ 28} We begin by reviewing relevant portions of the Civil Rules. The subject of the motion to compel was an independent examination. Civ.R. 35 does not provide for the imposition of sanctions or award of costs for actions associated with procuring the exam. Only Civ.R. 35(B), regarding the examiner's report, references an award of expenses. "If an examiner fails or refuses to make a report, the court on motion may order, at the expense of the party causing the examination, the taking of the deposition of the examiner if his testimony is to be offered at trial." Civ.R. 35(B)(1). This provision is irrelevant to the present issue.
 {¶ 29} Civ.R. 37 governs situations in which a trial court may sanction parties for failure to cooperate in general discovery. Pursuant to Civ.R. 37(A), a party may move the court to compel an uncooperative litigant to participate in discovery. Upon ruling on the motion, the court is generally required to award reasonable expenses incurred, including attorney fees, to the prevailing party.[8] Civ.R. 37(A)(4). However, the court's ability to award expenses pursuant to Civ.R. 37(A)(4) appears to be limited to motions made in regard to Civ.R. 30, 31, 33 or 34, with no mention of Civ.R. 35. Thus, an award of expenses under Civ.R. 37(A)(4) was inappropriate in the instant case.
 {¶ 30} Under Civ.R. 37(B), a court may impose sanctions for failure to comply with an order of the court. Unlike Civ.R. 37(A)(4), 37(B) specifically mentions Civ.R. 35. "If any party * * * fails to obey an order to provide or permit discovery, including an order made under subdivision (A) of this rule and Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just[.]" Civ.R. 37(B)(2). The court is further authorized to order "the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to comply. Civ.R. 37(B)(2)(e).
 {¶ 31} However, appellant did not fail to comply with an order of the court. The court's order compelled appellant to submit to the scheduled IME, which was set for October 19, 2005, or six days before the court's order was filed. Appellant cannot be sanctioned for failing to obey an impossible order. The trial court's award of expenses is not justified under Civ.R. 37(B).
 {¶ 32} In sum, the Civil Rules do not provide for an award of expenses associated with making or opposing a motion to compel attendance at an independent mental or physical examination. Failure to comply with an order may be sanctioned, but there is no provision for awarding expenses to procure the order. Accordingly, we find that the trial court was without authority to award appellee the costs of preparing the motion to compel. Appellant's second assignment of error is sustained.
 {¶ 33} Having addressed both of appellant's assignments of error, we affirm the trial court's order compelling appellant to submit to an IME. However, the court's order did not specify the scope of the examination. The judgment is remanded to the trial court for further action not inconsistent with this opinion.
Judgment affirmed in part, reversed in part, and causeremanded.
Klatt, P.J., and Brown, J., concur.
[1] A second individual and an insurance company were also named as defendants, but were both subsequently dismissed from the case. Neither is a party to this appeal.
[2] Mr. Stratman's claims are based on loss of services, companionship and consortium and are not presently at issue.
[3] In Nickel v. Carter, 104 Ohio St.3d 542, 2004-Ohio-6776, the Supreme Court of Ohio held that a ruling on a Civ.R. 35(A) motion for an independent psychological examination was not a final and appealable order. Id. at ¶ 15. However, the ruling was limited to the issue of whether the trial court's order was one affecting "a substantial right made in a special proceeding" under R.C. 2505.02(B)(2). Nickel specifically declined to address whether an order compelling attendance at an IME was a final, appealable order under R.C. 2505.02(B)(4). Accordingly, the ruling in Nickel does not preclude our finding that an order compelling an IME, pursuant to Civ.R. 35(A), is a final, appealable order under R.C. 2505.02(B)(4) where it does not address the scope of the exam.
[4] Appellant's counsel also represented appellant inKinsey.
[5] See Schlagenhauf v. Holder (1964), 379 U.S. 104, 119,85 S.Ct. 234.
[6] "These rules shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice." Civ.R. 1(B).
[7] Appellant also appears to argue that the order is in error because appellee never filed a motion requesting a Civ.R. 35 examination prior to the motion to compel. For purposes of this discussion, we find that the motion to compel was filed in the context of, if not in the place of, a motion for a Civ.R. 35 examination.
[8] A court may decline to award expenses if it determines that the motion was substantially justified or an award would be otherwise unjust. Civ.R. 37(A)(4).