HEHMAN et al., Appellants,

v.

MAXIM CRANE WORKS et al., Appellees.

[Cite as *Hehman v. Maxim Crane Works,* 189 Ohio App.3d 219, 2010-Ohio-3817.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2010–01–001.

Decided Aug. 16, 2010.

O'Connor, Acciani & Levy and Eric P. Allen, for appellants.

Kohnen & Patton L.L.P., Peggy M. Barker, and Rebecca L. Cull, for appellee.

HENDRICKSON, Judge.

{¶ 1} Eric P. Allen, an attorney who represented the plaintiffs, James Hehman and Patsy Hehman, in their negligence action against defendant-appellee, Maxim Crane Works, appeals an order of the Butler County Court of Common Pleas, requiring him to pay Maxim $1,220 for Maxim's attorney fees and expenses in bringing its motion to compel an independent medical examination. We reverse.

{¶ 2} In 2006, James Hehman was injured at a construction site by the alleged negligence of one of Maxim's crane operators. In 2008, Hehman and his wife brought a personal-injury action against Maxim, claiming medical bills in excess of $30,000 and at least two years of lost wages. In 2009, Hehman voluntarily submitted to an independent medical examination ("IME") performed by an orthopedic surgeon hired by Maxim. However, when Maxim asked Hehman to submit to a second IME to be performed by a vocational expert and also a physical therapist, he refused.

{¶ 3} Maxim filed a motion to compel Hehman to submit to the second IME, and the trial court granted it. The trial court sua sponte ordered the Hehmans' attorney, Allen, to pay Maxim $1,220 for the attorney fees and expenses it incurred for having to bring the motion to compel, as a sanction under Civ.R. 37(A)(4). The Hehmans subsequently filed a Civ.R. 41(A)(1) voluntary dismissal of their action against Maxim.

{¶ 4} Allen now appeals, assigning the following as error:

{¶ 5} "The trial court abused its discretion in awarding sanctions to Maxim Crane Work's counsel."

{¶ 6} Allen argues that the trial court abused its discretion in awarding Maxim its attorney fees and expenses in bringing a motion to compel a second IME because the discovery sanctions set forth in Civ.R. 37(A)(4) do not apply in cases in which a party seeks an order requiring another party or person to submit to a physical or mental examination under Civ.R. 35. We agree.

{¶ 7} Civ.R. 35 allows a party to seek an order requiring an opposing party to submit to a physical or mental examination "for good cause shown." If the trial court orders a party to submit to a physical or mental examination and he or she refuses to comply, the party may be subject to sanctions under Civ.R. 37(B)(2), including the payment of the other party's reasonable attorney fees. However, there is nothing in Civ.R. 35 that authorizes a trial court to award a party his attorney fees and expenses in obtaining such an order.

{¶ 8} The discovery sanctions set forth in Civ.R. 37(A)(4) apply only to the specific instances enumerated in the rule. They do *not* apply to the attorney fees

and expenses incurred by a party in obtaining an order for a physical or mental examination under Civ.R. 35(A). See *Stratman v. Sutantio*, Franklin App. No. 05AP–1260, 2006-Ohio-4712, 2006 WL 2614951, ¶ 28–32. As stated in *Stratman* at ¶ 32:

{¶ 9} "In sum, the Civil Rules do not provide for an award of expenses associated with making or opposing a motion to compel attendance at an independent mental or physical examination. Failure to comply with an order may be sanctioned [see Civ.R. 37(B)], but there is no provision for awarding expenses to procure the order."

{¶ 10} Maxim also argues that in light of Civ.R. 1(B), which mandates that the Rules of Civil Procedure "shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice," this court should interpret Civ.R. 37(A) to allow "a trial court to impose discovery sanctions in relation to all discovery rules." However, the drafters of the Civil Rules clearly and deliberately chose not to make the types of discovery sanctions set forth in Civ.R. 37(A) available to a party seeking an order for a physical or mental examination under Civ.R. 35. This decision is not surprising given that an order requiring a party to submit to a physical or mental examination is generally more intrusive than other discovery orders, and as a result, the rules give litigants like the Hehmans greater protection against a request to submit to such examinations.

{¶ 11} Finally, Maxim argues that even if Civ.R. 37(A)(4) does not provide a basis for the trial court's decision to impose sanctions against Allen, the trial court still would have been justified in imposing sanctions against Allen under Loc.R. 4.11(D) of the Butler County Court of Common Pleas, which states:

{¶ 12} "No objections, motions, applications or requests related to discovery shall be filed under the provisions of Civ.R. 26 through 37 unless counsel have, in good faith, exhausted among themselves all extrajudicial means for the resolution of differences. If any such objection, motion, application or request is filed, a certificate of counsel setting forth a brief statement of the extrajudicial means employed to resolve the dispute shall be attached thereto. Failure to comply with this rule may result in appropriate sanctions against counsel filing the objection, motion, application or request."

{¶ 13} Loc.R. 4.11(D), by its plain terms, is directed against a party who files an objection, motion, application, or request related to discovery under Civ.R. 26 through 37. Here, the moving party in the discovery proceeding was Maxim, not the Hehmans acting through Allen. Thus, Maxim was the only party that was obligated under Loc.R. 4.11(D) to file a brief statement regarding the extrajudicial means employed to resolve the discovery dispute between the parties

regarding the second IME, and the trial court would not have been justified in imposing sanctions against Allen under this local rule.

{¶ 14} We conclude that the trial court abused its discretion in awarding Maxim its attorney fees and expenses in filing a motion to compel the second IME because the sanctions set forth in Civ.R. 37(A)(4) do not apply when a party seeks an order requiring another party or person to submit to a physical or mental examination under Civ.R. 35.

{¶ 15} Allen's sole assignment of error is sustained.

{¶ 16} The judgment of the trial court is reversed, and the trial court's order requiring Allen to pay Maxim $1,220 for its attorney fees and expenses in bringing the motion to compel is vacated.

Judgment reversed.

YOUNG, P.J., and BRESSLER, J., concur.