[Cite as *Johnson v. State Farm Mut. Auto. Ins., Co.*, 2024-Ohio-3187.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

SANATHAN JOHNSON, :

    Plaintiff-Appellant, :

                               No. 113009

    v. :

STATE FARM MUTUAL AUTOMOBILE :
INSURANCE COMPANY, ET AL.,

                           :

    Defendants-Appellees.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; VACATED
IN PART; AND REMANDED
**RELEASED AND JOURNALIZED:** August 22, 2024

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-22-963075

---

*Appearances:*

Ryan, LLP, Daniel J. Ryan, and Thomas P. Ryan,
*for appellant.*

Collins, Roche, Utley & Garner, LLC, and Gregory H.
Collins, *for appellee.*

ANITA LASTER MAYS, J.:

    **{¶1}** Plaintiff-appellant Sanathan Johnson ("Johnson") appeals the trial court's decision granting a Civ.R. 35 motion, the trial court failing to define the

scope of the independent medical examination, and the trial court denying Johnson's request to obtain a rebuttal expert. We affirm in part, but vacate the trial court's medical examination order for lack of scope and remand to the trial court for further proceedings consistent with this court's opinion.

## I.  Facts and Procedural History

{¶2} On March 11, 2020, while driving, Johnson was struck by another driver who left the scene of the accident. Johnson sought medical treatment at a local hospital, where x-rays showed a mild disc bulging in the cervical and lumbar spine. Johnson was referred to an orthopedic surgeon, who ordered an MRI. On March 25, 2020, the MRI revealed a small, central disc herniation contacting a nerve root. Johnson was diagnosed with a lumbar herniation with radiculopathy. The surgeon recommended physical therapy and epidural steroid injections.

{¶3} As a result of his injuries and the accident, Johnson attempted to make a claim for the uninsured/underinsured insurance coverage to defendant-appellee State Farm Mutual Automobile Insurance Company ("State Farm"). However, according to Johnson, State Farm undervalued his claims without reasonable justification. As a result, Johnson commenced legal action against State Farm on May 6, 2022, for uninsured/underinsured coverage and bad faith.

{¶4} On August 11, 2022, the trial court issued a case schedule with a discovery cutoff date of January 10, 2023, but agreed to extend the deadline to April 3, 2023. Johnson provided his expert reports on April 17, 2023, and State

Farm's expert reports were due by August 1, 2023. The trial court also schedule trial for November 8, 2023. The parties participated in a settlement conference on June 8, 2023. When the case did not resolve, State Farm filed a motion on June 12, 2023, requesting that Johnson undergo an independent medical examination ("IME") and a 30-day extension to file an expert report. Johnson objected to the request as being untimely and because State Farm failed to show good cause and define the scope of the examination under Civ.R. 35(A).

{¶5} On July 21, 2023, the trial court granted State Farm's request, stating: "Defendant, State Farm Mutual Automobile Insurance Company's motion for order requiring Plaintiff to appear for physical examination and extension of time, filed 06/12/2023 is granted. Plaintiff is to appear for examination as requested on July 28, 2023." Journal Entry No. 152994763 (July 21, 2023). Johnson filed this interlocutory appeal assigning four errors for our review:

1. The trial court erred in granting State Farm's motion to compel a medical examination of Johnson that failed to establish good cause or the physical condition in controversy required by Civ.R. 35(A);

2. The trial court erred as a matter of law in granting a Civ.R. 35 motion filed after the discovery deadline without analyzing timeliness or excusable neglect under Civ.R. 6(B);

3. The trial court erred as a matter of law when they did not define the scope of the independent medical examination in their order; and

4. The trial court erred by failing to grant Johnson's request for addition time to obtain an expert report after the trial court

granted State Farm's motion to compel a medical examination and Johnson had submitted his initial expert reports prior to the order.

## II.   Final, Appealable Order

{¶6} Although not raised by the parties, we first address whether the trial court's order is a final, appealable order.  To be appealable, a final order must do more than recite that there is no just reason for delay.  The order must also fall within the statutory definition of a final order pursuant to R.C. 2505.02. R.C. 2505.02(B)(4) states:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:  (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶7} Applying the three-part test found in *State v. Muncie*, 91 Ohio St.3d 440, 446 (2001), a trial court's order is a final, appealable order when it (1) grants a provisional remedy; (2) determines the action and prevents judgment in the plaintiff's favor with respect to that provisional remedy; and (3) when the order does not specify the scope of the exam, it presents the danger of an unjust invasion of

privacy, preventing a meaningful or effective remedy by appeal taken after final adjudication of all claims. *Stratman v. Sutantio*, 2006-Ohio-4712, ¶ 9 (10th Dist.).

{¶8} Thus, in our instant case, the trial court's order is a final, appealable order. The order compelling attendance at the IME is a provisional remedy that is determinative to the issue, preventing a contrary order in appellant's favor. "Most important, however, is the observation that an order that fails to address the scope of an independent physical exam presents the danger of an unjust invasion of privacy or other protected disclosure that could not be remedied on appeal." *Id*. at ¶ 10.

{¶9} Even so, in *Myers v. Toledo*, 2006-Ohio-4353, ¶ 1, the Court determined that "[a]n order granting a physical or medical examination, made in a special proceeding, is not a final, appealable order." However, this instant case can be distinguished from *Myers* because *Myers* involved a workers' compensation case, a special proceeding, and our case does not involve a special proceeding. The Court in *Myers* reviewed whether the order was a final, appealable order under R.C. 2505.02(B)(2), where the order in our case is reviewed under R.C. 2505.02(B)(4) because it does not involve a special proceeding.

{¶10} This instant case, unlike *Myers,* involves a provisional remedy because the appellants could be compelled to produce privileged information that the insurance company is not entitled to. If the order is not a final, appealable order or we ignore the three-part test, the appellant would not have a meaningful remedy if

forced to disclose privileged information.  For these reasons, we have determined that the trial court's order is a final, appealable order.

## III.    Civ.R. 35(A) Motion

{¶11} Civ.R. 35 governs orders for the physical or mental examination of persons and states, in relevant part:

> When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit himself to a physical or mental examination or to produce for such examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Civ.R. 35(A).

{¶12} In Johnson's first assignment of error, he argues that the trial court erred in granting State Farm's Civ.R. 35(A) motion because it failed to establish good cause or the physical condition in controversy.  Pursuant to Civ.R. 35(A), "a court may order a party to submit himself or herself to a physical or mental examination if the physical or mental condition of the party is 'in controversy,' a motion has been filed, and the movant party demonstrates 'good cause' for the motion." *Kinsey v. Erie Ins. Group*, 2004-Ohio-579, ¶ 4 (10th Dist.).  It has also

been found that "'[a] plaintiff . . . who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.'" *Stratman v. Sutantio*, 2006-Ohio-4712, ¶ 19 (10th Dist.), quoting *Schlagenhauf v. Holder*, 379 U.S. 104, 119, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). Johnson asserted a physical injury in this case; as such, he placed the injury in controversy and provided State Farm with good cause for an examination to determine if the injuries he asserts exist.

{¶13} Therefore, Johnson's first assignment of error is overruled.

{¶14} In Johnson's second assignment of error, he contends that the trial court erred as a matter of law by granting State Farm's motion because it was filed after the discovery deadline without analyzing timeliness or excusable neglect under Civ.R. 6(B). Civ.R. 6(B) states:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Civ.R. 50(B), Civ.R. 59(B), Civ.R. 59(D), and Civ.R. 60(B), except to the extent and under the conditions stated in them.

{¶15} After review of the record, we determine that Johnson's arguments are misplaced. Applying Civ.R. 6(B)(2) to the facts of this case, there is no

indication that State Farm failed to file an expert report after the August 1 deadline. Civ.R. 6(B)(2) authorizes a trial court in its discretion to permit an untimely act to be completed if the failure to act resulted from excusable neglect. *Haworth v. Roman*, 2023-Ohio-3816, ¶ 34 (2d Dist.). "Neglect under Civ.R. 6(B)(2) has been defined as conduct that falls substantially below what is reasonable under the circumstances." *Davis v. Immediate Med. Servs., Inc.*, 80 Ohio St.3d 10, 14 (1997). The record reveals that the broader discovery deadline was April 3, 2023. Johnson subsequently filed his expert report on April 17, 2023. State Farm then requested an IME to aid in its defense. The trial court ordered State Farm to submit their expert reports by August 1, 2023. State Farm filed their motion on June 8, 2023, well before the stated deadline. Furthermore, in Johnson's brief, he does not disagree with the dates set by the trial court. Under these circumstances, we determine that the concept of excusable neglect is not applicable. Therefore, the trial court did not abuse its discretion.

**{¶16}** Therefore, Johnson's second assignment of error is overruled.

**{¶17}** In Johnson's third assignment of error, he argues that the trial court erred as a matter of law when they did not define the scope of IME in their order.

> We note that courts generally are not trained in medicine and therefore are unable to know precisely the necessary scope that a medical examination should take. However, given the language of Civ.R. 35, courts must attempt to establish the scope of an IME when the parties are unable or unwilling to cooperate in doing so. As each IME will differ based on the conditions in controversy, the court need only confine the exam to matters pertinent to the disputed condition. So long as the

exam is conducted according to accepted standards of the medical profession, unjustified intrusion into irrelevant areas should be prevented. Moreover, while the parties are welcome to suggest conditions, it is within the court's discretion to accept or reject those suggestions. *See Vetter v. Twesigye*, 159 Ohio App.3d 525, 2005 Ohio 201, 824 N.E.2d 581.

*Stratman,* 2006-Ohio-4712, at ¶ 21.

**{¶18}** On July 24, 2023, the defendant filed a Notice of Independent Medical Examination, stating:

> Please take notice that, pursuant to Rule 35(A) of the Ohio Rules of Civil Procedure, the Defendant, State Farm Mutual Automobile Insurance Company, hereby notice the Independent Medical Examination of Plaintiff, Sanathan Johnson, to be conducted by Mark Panigutti, M.D. on July 26th, 2023, beginning at 2:00 p.m. at OrthoWest Limited, 7255 Old Oak Blvd, Building C-Room 205, Middleburg Heights, Ohio 44130.

**{¶19}** Although the notice specifies the time, place, and manner, the conditions and scope of the examination are not clear from the order.

> Defendant, State Farm Mutual Automobile Insurance Company's motion for order requiring plaintiff to appear for physical examination and extension of time, filed 06/12/2023, is granted.

> Plaintiff is to appear for examination as requested on July 28, 2023. Defendant is granted until September 1, 2023 to serve repost. So ordered.

Journal Entry No. 152994763 (July 21, 2023).

**{¶21}** We determine that the trial court did not confine or attempt to confine the exam to matters pertinent to the disputed condition.

**{¶22}** Therefore, Johnson's third assignment of error is sustained.

{¶23} In Johnson's fourth assignment of error, he argues that the trial court erred when the court denied his request to obtain a rebuttal expert. Specifically, he argues that the trial court extended the discovery deadline for State Farm, but not for him. Johnson's arguments are misplaced. Johnson did not file a motion requesting permission to submit rebuttal expert reports.

{¶24} Johnson argues that the trial court erred by not granting him an extension to submit rebuttal expert reports after the IME. However, Johnson's argument is premature. The IME may not demonstrate anything different than what his own medical expert reported. Additionally, the trial court did not dismiss Johnson's motion for an extension of time because Johnson did not file a motion. "[A] party cannot present new arguments for the first time on appeal that were not raised below, and a trial court cannot be said to have abused its discretion by failing to consider arguments that were never presented to it." *State v. Moore*, 2020-Ohio-3459, ¶ 58 (8th Dist.), citing *State v. Luton*, 2018-Ohio-4708, ¶ 65 (8th Dist.); *see also State v. Pratts*, 2016-Ohio-8053, ¶ 43 (8th Dist.) ("A party may not raise for the first time on appeal an argument that could have been raised below.").

{¶25} Therefore, Johnson's fourth assignment of error is overruled.

{¶26} Judgment affirmed in part, vacated in part, and remanded for the limited purpose of defining the scope and conditions of the IME.

It is ordered that appellee and appellant split costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

KATHLEEN ANN KEOUGH, A.J., CONCURS IN JUDGMENT ONLY;
MICHELLE J. SHEEHAN, J., DISSENTS (WITH SEPARATE OPINION)


MICHELLE J. SHEEHAN, J., DISSENTING:

**{¶ 27}** I respectfully dissent from the lead opinion because an order for an independent medical examination ("IME") pursuant to Civ.R. 35(A) is not a provisional remedy and thus not a final appealable order under R.C. 2505.02(B), and I would dismiss this case for lack of a final appealable order.

**{¶ 28}** This court sua sponte dismissed this case as not being a final appealable order pursuant to R.C. 2505.05(B), citing *Myers v. Toledo*, 2006-Ohio-4353. This court then reinstated this case upon Johnson's motion for reconsideration by citing two Tenth District Court of Appeals cases, *Kinsey v. Erie Ins. Group*, 2004-Ohio-579 (10th Dist.), and *Stratman v. Sutantio*, 2006-Ohio-4712 (10th Dist.). In *Kinsey,* the court held that an order under Civ.R. 35 was a final appealable order pursuant to R.C. 2505.02(B)(4). *Kinsey* at ¶ 10. In

*Stratman*, the court followed *Kinsey* and found the order under Civ.R. 35 for an IME to be a provisional remedy and thus a final appealable order. *Stratman* at ¶ 10. However, after *Kinsey* was decided and only a week before *Stratman* was released, the Ohio Supreme Court held in *Myers*:

> *[A] trial court order granting a Civ.R. 35(A) motion for a physical or medical examination, made in a special proceeding, is not a final, appealable order under R.C. 2505.02(B)(2) or (4).* This is consistent with our earlier decision that a Civ.R. 35(A) motion outside of a special proceeding was not a final, appealable order. *Nickel v. Carter*, 104 Ohio St.3d 542, 2004-Ohio-6776, 820 N.E.2d 895, ¶ 15.

(Emphasis added.) *Meyers* at ¶ 26. In *Myers*, the Ohio Supreme Court considered an order made in a special proceeding. However, the Court analyzed whether an order for an IME is a final appealable order in a special proceeding per R.C. 2505.02(B)(2) as well as pursuant to R.C. 2505.02(B)(4), a statute that is applicable to all judgments.

{¶ 29} The lead opinion relies on the Tenth District Court of Appeals decision in *Stratman* in finding that the order appealed is a provisional remedy. Notably, in *Stratman*, the Tenth District Court of Appeals did not cite or reference the Ohio Supreme Court's pronouncement in *Myers* that an order for an IME is not a final appealable order under R.C. 2505.02(B)(4). *Stratman*, passim. Further, my research has not found any other Ohio appellate district decision after *Myers* was released that follows *Kinsey* and *Stratman* in finding that a Civ.R. 35(A) order for an IME is a final appealable order. Moreover, in determining that an order for a

psychological exam under R.C. 3109.04(C) was not a final appealable order under R.C. 2505.02(B)(2), the Tenth District Court of Appeals recently recognized that in "*Myers*, the Supreme Court of Ohio determined that a request for a medical examination under Civ.R. 35(A) is not a provisional remedy." *Tassone v. Tassone*, 2021-Ohio-4063, ¶ 16 (10th Dist.).

{¶ 30} I would reconsider our order reinstating this appeal, apply *Myers* to find that the order appealed is not a final appealable order pursuant to R.C. 2505.02(4), and dismiss this case.