**HENDERSON, Appellant,**

v.

**HENDERSON, Appellee.**

[Cite as *Henderson v. Henderson,* 150 Ohio App.3d 339, 2002-Ohio-6496.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–200.

Decided Nov. 27, 2002.

Edward F. Whipps & Associates and Edward F. Whipps, for appellant.

Charles W. McGowan, for appellee.

Stephen W. Daulton & Associates and Stephen W. Daulton, for children Adam R. Henderson and Aaron N. Henderson.

Tyack, Blackmore & Liston Co., L.P.A., and Margaret L. Blackmore, for guardian ad litem.

---

KLATT, Judge.

{¶ 1} Plaintiff-appellant, Sherri G. Henderson, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations,

Juvenile Branch, overruling her motion in limine seeking to prevent several witnesses from testifying in a hearing to modify a shared-parenting agreement.

{¶ 2} The parties were married on November 29, 1986, and had two children, Adam R. and Aaron N. Henderson. However, on January 16, 1997, appellant filed a complaint for divorce from her husband, defendant-appellee, Eric S. Henderson. Subsequently, the parties entered into a shared-parenting agreement ("SPA") and an agreed entry of divorce. In 1999, both parties filed motions requesting the modification of the SPA. A hearing on those motions was scheduled for October 31, 2000. Before that hearing began, however, counsel for appellant orally sought a motion in limine to prevent testimony from psychologists and other mental health professionals who treated appellant or the children, alleging among other things that such testimony would be protected due to the psychologists/patient privilege found in R.C. 4732.19.

{¶ 3} After briefing by the parties, the magistrate issued a decision overruling appellant's motion in limine. The magistrate concluded that the privilege, if it existed among any of the potential witnesses, was waived by appellant and the guardian ad litem on behalf of the children. See R.C. 2317.02(B)(1)(a). Appellant filed objections to that decision and the trial court overruled those objections, noting that the magistrate did not err in overruling appellant's motion in limine. No hearing on the motions to modify the SPA was ever held.

{¶ 4} Appellant now appeals, assigning the following errors:

{¶ 5} "I. The trial court erred in issuing its decision overruling appellant's motion in limine and permitting treating psychologists to testify regarding matters disclosed during therapy in violation of Ohio law with respect to the issue of privilege.

{¶ 6} "II. The trial court erred in issuing its decision overruling appellant's motion in limine and permitting treating psychologists to testify regarding matters disclosed during therapy in violation of Ohio licensing laws."

{¶ 7} Although neither party has raised the issue, this court must initially determine whether we have subject-matter jurisdiction to consider the merits of this appeal. *State ex rel. White v. Cuyahoga Metro. Hous. Auth.* (1997), 79 Ohio St.3d 543, 544, 684 N.E.2d 72. Section 3(B)(2), Article IV of the Ohio Constitution limits this court's appellate jurisdiction to the review of final orders. Absent a final order, this court is without jurisdiction to affirm, reverse, or modify an order from which an appeal is taken. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266.

{¶ 8} Appellant's appeal is from the trial court's decision denying her motion in limine to prevent the testimony of psychological witnesses at the

hearing to modify the SPA. A decision denying or granting a motion in limine does not finally determine the admissibility of the evidence to which it is directed. *Teffer v. Hornbeck,* Cuyahoga App. No. 80477, 2002-Ohio-3788, 2002 WL 1728589, at ¶ 34; *Sheets v. Carmel Farms, Inc.* (June 5, 1997), Franklin App. Nos. 96APE09–1224 and 96APE09–1225, 1997 WL 303760; *State v. Maurer* (1984), 15 Ohio St.3d 239, 259, 15 OBR 379, 473 N.E.2d 768, fn. 14. Rather, it is a " 'tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue.' " *Sheets,* supra, quoting *State v. Grubb* (1986), 28 Ohio St.3d 199, 201–202, 28 OBR 285, 503 N.E.2d 142; see, also, *White v. Center Mfg. Co.* (1998), 126 Ohio App.3d 715, 722–723, 711 N.E.2d 281. The trial court is at liberty to change its ruling once the hearing or trial has begun. *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 4, 573 N.E.2d 32. Therefore, finality does not attach when a motion in limine is decided and those decisions are not final orders. Id.; *Covington v. Sawyer* (1983), 9 Ohio App.3d 40, 44, 9 OBR 43, 458 N.E.2d 465 (refusing to review motion in limine decision regarding patient/physician privilege); *State v. Morgan* (Nov. 8, 2001), Cuyahoga App. No. 79153, 2001 WL 1387637; *Apple v. Coffman* (May 2, 1996), Fairfield App. No. 95CA–47, 1996 WL 243426; *Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.* (Oct. 17, 1995), Franklin App. No. 95APE–401, 1995 WL 614078.

 {¶ 9} For this court to review a trial court's decision regarding a motion in limine, a party must object when the issue is actually reached at trial. *Grubb,* supra, at 203, 28 OBR 285, 503 N.E.2d 142; *Maurer,* supra, at 259–260, 15 OBR 379, 473 N.E.2d 768; *State v. Hill* (1996), 75 Ohio St.3d 195, 202–203, 661 N.E.2d 1068. Because there was no hearing at which appellant could have objected to the allegedly privileged testimony and the trial court could have determined the ultimate admissibility of the testimony, finality did not attach to the trial court's decision overruling appellant's motion in limine. *Dent v. Ford Motor Co.* (1992), 83 Ohio App.3d 283, 286, 614 N.E.2d 1074; *State v. Lamb,* Hardin App. No. 6–02–03, 2002-Ohio-4692, 2002 WL 31006349, at ¶ 6 (declining to review decision on motion in limine because defendant did not proceed to trial).

 {¶ 10} Both counsel for appellant and appellee, when questioned at oral argument on this topic, simply stated that this was a final order because it involved testimony alleged to be privileged. However, the fact that allegedly privileged testimony was at issue does not render the trial court's decision on a motion in limine a final order. *In re Isaacs* (July 31, 2000), Montgomery App. No. 99–JC–6126, 2000 WL 1072333 (granting of motion in limine preventing admission of allegedly privileged documents would not be a final order subject to review); *In re Neyland* (July 10, 1992), Lucas App. No. L–91–271, 1992 WL 158949 (denial of motion in limine regarding allegedly privileged testimony not

reviewable by appeals court absent objection raised at trial); *State v. Wells* (Dec. 21, 1994), Hamilton App. No. C–940307, 1994 WL 721901 (decision overruling motion in limine regarding allegedly privileged evidence and testimony not reviewable absent objection at trial); *Covington,* supra.

{¶ 11} This court has jurisdiction to hear appeals only from final orders and judgments. Because the decision to deny appellant's motion in limine is only a preliminary ruling, it is not a final order and this court has no jurisdiction to review that decision. Accordingly, this appeal is dismissed for lack of a final appealable order.

Appeal dismissed.

DESHLER and LAZARUS, JJ., concur.