VETTER et al., Appellants,

v.

TWESIGYE, Appellees, et al.

[Cite as *Vetter v. Twesigye,* 159 Ohio App.3d 525, 2005-Ohio-201.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 04AP–673.

Decided Jan. 20, 2005.

526

Smith, Phillips & Assoc., Janet L. Phillips, and Scott Elliot Smith, for appellants.

Todd L. Oberholtzer, for appellee Richard P. Swenson.

FRENCH, Judge.

{¶ 1} Plaintiffs-appellants, Christopher F. and Tina N. Vetter, appeal from a judgment sustaining a motion for a protective order and a motion to compel

discovery by defendant-appellee, Richard P. Swenson, in this personal injury action arising out of an automobile accident.[1]

{¶ 2} The trial court determined that Swenson was the tortfeasor in an auto accident that injured appellants. The parties conducted discovery on the issue of damages, but matters came to a standstill after appellee, pursuant to Civ.R. 35(A), moved to compel appellants to undergo an independent medical examination ("IME") by the physician of appellee's choice. Appellants moved for a Civ.R. 26(C)[2] protective order that would set the manner, conditions, and scope of the IME, proposing:

(1) The defense medical examination will go forward on a date and time convenient to the person to be examined and the doctor;

(2) Plaintiff will be accompanied by his/her attorney or other legal representative as permitted[;]

(3) The examination may be audio taped by Plaintiff's representative;

(4) No other persons other than plaintiff, his/her representative and a same sex staff person will be allowed to be present during the examination;

(5) The examination must be limited to Plaintiff's medical conditions which are claimed by the Plaintiff to be causally or historically related to the incident referenced in Plaintiff's complaint delineated by the moving party in written form, and within the expertise of the physician;

(6) That the Plaintiff not be forced to travel outside the forum to appear for the medical examination without a showing of good cause by the Defendant[;]

(7) The Defendant is required to tender to the Plaintiff reimbursement for travel and expenses for traveling to and from the examination.

---

1. Although he is not the only defendant, Swenson is the only defendant-appellee involved in this appeal.

2. {¶ a} Civ.R. 26(C) provides:

{¶ b} "Upon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court."

{¶ 3} In response, appellee moved for a protective order requesting that the court prevent a third party from attending appellants' IME and prevent appellants from making an audiotape or videotape of the examination.

{¶ 4} On June 25, 2004, the trial court granted appellee's motion to compel appellants to undergo the IME and overruled appellants' motion for a protective order. The court specifically mentioned appellants' requested conditions for the IME in its outline of the parties' arguments. In disposing of the motions, the court stated:

> This action sounding in negligence and personal injury is certainly one whereby the physical condition of a party, namely Plaintiffs, is at issue. Defendant must be afforded the opportunity to subject Plaintiffs to an independent physical examination in order to establish damages. The Court finds no reasonable basis for precluding Defendants from having the opportunity to require Plaintiff to submit to an independent medical examination.
>
> If Plaintiffs feel that Dr. Hauser is not impartial, they are free to obtain the services of another doctor to perform an additional IME. Plaintiffs are also free to impeach Dr. Hauser's credibility [if] they so wish.

{¶ 5} Thus, the court ordered appellants to attend an IME at a specific date and time and stated that, if appellants fail to comply, the court would issue sanctions pursuant to Civ.R. 37(B)(2) and/or 41(B)(1).

{¶ 6} On July 17, 2004, the court entered a second order, entitled "Decision and Entry Sustaining Defendant's Motion for Protective Order, Filed June 7, 2004; and Decision and Entry Sustaining Defendant's Motion to Compel Discovery, Filed June 7, 2004." In this entry, the trial court stated:

> In his Motion for a Protective Order, Swenson argues that any third-party should be banned from Plaintiffs' IMEs and that the examinations should not be recorded, nor notes taken. Swenson objects to [Plaintiffs'] counsel being present at the examination. Plaintiffs respond by listing seven requirements for an IME, including, *inter alia,* that Plaintiffs should be accompanied by counsel, and that the examinations be recorded.
>
> The Court hereby SUSTAINS Swenson's Motion for a Protective Order, and OVERRULES Plaintiffs' seven conditions in their entirety. Plaintiffs will cooperate with the requirements of the examining physician. If Plaintiffs fail to cooperate fully, they will suffer the sanction of the Court refusing to allow Plaintiffs "to support or oppose designated claims or defenses, or prohibiting [them] from introducing designated matters in evidence." Civil Rule 47(B)(2)(b). Said sanction is well within the authority of this Court.

{¶ 7} Appellants now appeal from the July 17, 2004 order, assigning the following as error:

I. The trial court erred in denying plaintiffs' motion for protective order and therein requiring plaintiffs to attend medical examinations absent compliance with Civil Rule 35.

II. The trial court erred in granting defendant Swenson's motion for protective order prohibiting any third party from attending medical examinations of plaintiffs.

{¶ 8} As a preliminary matter, appellee has asserted that the order appealed from does not constitute a final appealable order, and therefore dismissal of this appeal is required. For the following reasons, we agree.

{¶ 9} This court has recently held that an order granting a motion for an IME is a final appealable order. In *Kinsey v. Erie Ins. Group*, Franklin App. No. 03AP–51, 2004-Ohio-579, 2004 WL 239894, we addressed a similar case in which a defendant moved to compel an IME of an injured plaintiff. Following the tripartite test set forth in *State v. Muncie* (2001), 91 Ohio St.3d 440, 446, 746 N.E.2d 1092, for determining whether an order is a final order, we stated, at ¶ 11–14:

The order at issue grants a provisional remedy. As used in R.C. 2505.02, a "provisional remedy" is defined as "a proceeding ancillary to an action, *including, but not limited to*, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence." (Emphasis added.) R.C. 2505.02(A).[3] The Ohio Supreme Court in [*State v. Muncie* (2001), 91 Ohio St.3d 440], at 448, 746 N.E.2d 1092, noted that the phrase "including, but not limited to" precedes a nonexhaustive list of examples. * * * In other words, the list is illustrative and not exhaustive in view of the not limited to language included in the definition. * * * We find that

---

**3.** {¶ a} R.C. 2505.02(A) provides:

{¶ b} "(3) 'Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.

{¶ c} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ d} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶ e} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶ f} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶ g} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶ h} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ i} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

discovery pursuant to a Civ.R. 35(A) medical examination is a provisional remedy ancillary to an underlying action, even though a proceeding regarding a compelled medical examination is not expressly enumerated in R.C. 2505.02(A)(3). * * *

In this case, the order determines the action with respect to the provisional remedy and prevents a judgment in favor of the plaintiffs with respect to the provisional remedy. The trial court's ruling on [defendant]'s Civ.R. 35(A) motion to compel an independent medical examination of [plaintiff] determines the action with respect to the motion and prevents judgment for plaintiffs with respect to the motion. The second part of the three-part test is met because the order for a medical examination meets the requirement of R.C. 2505.02(B)(4)(a).

The requirement of R.C. 2505.02(B)(4)(b) is also met in this case. "[A]n order arising from a provisional remedy is not a final order unless 'the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.'" *Muncie*, at 451, 746 N.E.2d 1092, quoting R.C. 2505.02(B)(4)(b). * * *

* * * In the case at bar, the Civ.R. 35(A) order did not specify the scope of the examination. Such an order presents the danger of an unjust invasion of privacy that an appellate court would be unable to remedy in an appeal taken after final judgment. Accordingly, we conclude that because the trial court's Civ.R. 35(A) order did not specify the scope of the medical examination, R.C. 2505.02(B)(4)(b) is satisfied.

 {¶ 10} Following this analysis, it is clear that the trial court's first order, dated June 25, 2004, by which the court granted appellee's motion to compel an IME, was a final appealable order. However, that is not the order from which appellants have appealed.

 {¶ 11} Appellants have appealed from the court's second order, dated July 19, 2004, in which the court ordered that appellants' attorney should not be permitted to attend the IME, nor should the IME be recorded or notes be taken. Appellants do not dispute that appellee is entitled to an IME in preparing for trial pursuant to Civ.R. 35.[4] Rather, appellants argue that the court should have

---

4. {¶ a} Civ.R. 35(A) provides:

{¶ b} "When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit himself to a physical or mental examination or to produce for such examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the

ordered the scope and conditions of the IME to include an opportunity for appellants to have their attorney present and/or record the examination. Appellants assert that the order from which this appeal is taken specifically served to prohibit them from having a third party present for the examination and, therefore, that it was this order that resulted in the necessity of seeking a remedy on appeal.

{¶ 12} Following the same analysis utilized in *Kinsey*, this second order is not a final appealable order. We agree that the order arguably provides a provisional remedy because, as appellants allege, the lack of a third party at the exam could lead to discovery of privileged matter; therefore, the first prong of the *Muncie* test is satisfied. In addition, the order determines the action with regard to the provisional remedy in that it rules on a motion to compel and a motion for a protective order and threatens appellants with sanctions if appellants do not comply. Therefore, the order meets the second requirement of the *Muncie* test.

{¶ 13} But the order does not meet the third requirement of the *Muncie* test, in that appellants have not shown that the order precludes a meaningful, effective remedy by appeal following final judgment. As the trial court indicated in its earlier order, appellants could always obtain an IME from their own choice of physician and present that physician's report or testimony as contradictory evidence. In addition, appellants could present impeaching evidence supporting their contention that appellee's physician is regularly engaged by insurers and other defendants in auto accident cases and that his opinion is biased. As the court suggested, the trier of fact must weigh the credibility of this evidence, and appellants' objections to this particular physician go to his credibility.

{¶ 14} Moreover, appellants have failed to articulate a compelling argument that information arising from an unsupervised IME could prejudice their case. But even if, during the exam, appellants revealed to the physician information that is not pertinent, invades appellants' privacy, or prejudices their case, appellants could file a motion in limine to exclude the evidence, object to its introduction at trial, and, upon an adverse ruling, appeal after final judgment. See, e.g., *Krotine v. Neer*, Franklin App. No. 02AP–121, 2002-Ohio-7019, 2002 WL 31838301, at ¶ 10–17; *Henderson v. Henderson*, 150 Ohio App.3d 339, 2002-Ohio-6496, 780 N.E.2d 1072.

{¶ 15} Appellants maintain that the court's order failed to set out the scope and conditions of the IME, thus exposing them to the danger that privileged information will be revealed. However, reading the two orders in conjunction with one another, we find the court did set conditions and indicate the scope of

person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

the IME; they just were not the conditions that appellants wanted. Thus, even though in *Kinsey* we stated that an order without appropriate limitations "presents the danger of an unjust invasion of privacy that an appellate court would be unable to remedy in an appeal taken after final judgment," in this case, the court used its discretion to set what it considered to be appropriate limitations.

{¶ 16} In *State ex rel. Lambdin v. Brenton* (1970), 21 Ohio St.2d 21, 50 O.O.2d 44, 254 N.E.2d 681, the Ohio Supreme Court addressed whether a court may compel a plaintiff to submit to a physical examination by defendant's doctors in the absence of plaintiff's attorney. Although raised in the context of an action seeking a writ of prohibition, the court's pronouncement is nevertheless apt:

> [T]his is a matter within the sound discretion of the trial court. * * * If the court determined that the presence of relator's counsel would unduly impede defendant's physicians in making their examination, it had the power to order the exclusion of the attorney.

Id. at 22, 50 O.O.2d 44, 254 N.E.2d 681.

{¶ 17} Indeed, in addressing discovery orders, this court's standard of review is whether the trial court abused its discretion in rendering a decision that was arbitrary, unreasonable, or unconscionable. See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. In this case, the trial court used its discretion in concluding that appellants would not suffer irreparable harm by undergoing the IME without their counsel being present and set the conditions and scope of the IME accordingly. Appellants have failed to show that the court's order met the third prong of the *Muncie* test, in that appellants have not shown that the court's order precluded them from obtaining a meaningful or effective remedy by appeal following final judgment.

{¶ 18} This court has jurisdiction to hear appeals only from final orders and judgments. Because the trial court's order sustaining appellee's motions for protective order and to compel discovery is an interlocutory, preliminary ruling that does not meet the requirements of R.C. 2505.02, it is not a final order, and this court has no jurisdiction to review that decision. Accordingly, this appeal is dismissed for lack of a final appealable order.

Appeal dismissed.

PETREE and MCCORMAC, JJ., concur.

MCCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.