[Cite as *State v. Buchman*, 2019-Ohio-4276.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2019CA00109 |
| DAVID BUCHMAN | |
| Defendant-Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS:     Appeal from the Stark County Court of
                             Common Pleas, Case No. 2018-CR-0959

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      October 15, 2019

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

JOHN D. FERRERO                     DAVID BUCHMAN
STARK COUNTY PROSECUTOR             Inmate No. 753-726
                                    Richland Correctional Institution
KATHLEEN O. TATARSKY                P.O. Box 8107
Assistant Prosecuting Attorney      Mansfield, Ohio  44901
Appellate Section
110 Central Plaza, South – Suite #510
Canton, Ohio  44702-1413

*Hoffman, P.J.*

**{¶1}** Appellant David Buchman appeals the judgment entered by the Stark County Common Pleas Court dismissing his petition for post-conviction relief. Appellee is the state of Ohio.

### STATEMENT OF THE CASE[1]

**{¶2}** On June 29, 2018, Appellant was indicted by the Stark County Grand Jury on one count of possession of cocaine (R.C. 2925.11(A)(C)(4)(e)), and one count of trafficking in cocaine (R.C. 2925.03(A)(2)(C)(4)(f)). The bill of particulars provided by the State stated Appellant was found to be in possession of 28.52 grams of cocaine after a traffic stop in the area of 111 S. Market Street, Minerva, Stark County, Ohio.

**{¶3}** Appellant filed a motion to suppress challenging the constitutionality of the traffic stop. However, prior to a hearing on the motion, Appellant changed his plea to guilty. The counts were merged and Appellant was sentenced to four years incarceration on October 2, 2018.

**{¶4}** On April 15, 2019, Appellant filed a petition for post-conviction relief claiming his trial counsel was ineffective for failing to challenge the traffic stop and for failing to challenge venue. He argued while the alleged traffic violation occurred in Stark County, the stop of his vehicle and attendant discovery of the cocaine occurred in his driveway which is located in Carroll County. He supported his claim of improper venue with his own affidavit.

---

[1] A rendition of the facts is unnecessary for the resolution of this appeal.

{¶5} The trial court dismissed Appellant's petition without an evidentiary hearing. It is from the June 25, 2019, judgment of the court dismissing his petition Appellant prosecutes this appeal, assigning as error:

I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN DENYING THE PETITION FOR POST-CONVICTION RELIEF WITHOUT SUBMITTING ITS FINDINGS OF FACTS AND CONCLUSIONS OF LAW.

II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S PETITION FOR POST-CONVICTION RELIEF AS THE MATTERS RAISED IN THE PETITION ARE *DE HORS* THE RECORD AND COULD NOT HAVE BEEN RAISED ON ANY DIRECT APPEAL.

I.

{¶6} Appellant argues the trial court erred in failing to make findings of fact and conclusions of law in violation of R.C. 2953.21(H), which provides in pertinent part:

(H) If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition.

{¶7} Although the trial court did not make findings of fact and conclusions of law, the court stated in its judgment entry, "Upon full review, the Court adopts the

Memorandum, contained in the State of Ohio's response to Defendant's petition." Judgment Entry, June 25, 2019.

{¶8} In a petition for post-conviction relief, "the trial court's adoption of the findings of fact and conclusions of law submitted by the state does not, by itself, deprive the petitioner of a meaningful review of his petition for post-conviction relief and does not constitute error in the absence of demonstrated prejudice." *State v. White*, 5th Dist. Ashland No. 97COA01229, 1998 WL 515944, *11, *citing State v. Powell,* 90 Ohio App. 3d 260, 629 N.E.2d 13 (1st Dist. Hamilton 1993). Appellant has not demonstrated prejudice from the trial court's adoption of the State's memorandum in this case.

{¶9} The first assignment of error is overruled.

II.

{¶10} In his second assignment of error, Appellant argues the court erred in dismissing his petition because he submitted evidence outside the record, specifically his own affidavit, in support of his claim venue was improper in Stark County because the stop of his vehicle and discovery of the drugs occurred in his driveway in Carroll County.

{¶11} Evidence offered de hors the record must be more than evidence which was in existence and available to the appellant at the time of the trial and which could and should have been submitted at trial if the appellant wished to make use of it. *State v. Elmore*, 5th Dist. Licking No. 2005-CA-32, 2005-Ohio-5940, ¶ 89. The purpose of post-conviction proceedings is not to afford one convicted of a crime a second chance to retry his case. *Id.* The evidence submitted by Appellant to support his claim his driveway is in Carroll County was in existence and available to him at the time of trial. We find the

evidence should have been submitted at trial if Appellant wished to use it, and is not properly before the court as evidence de hors the record in a post-conviction proceeding.

{¶12} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from such judgment, any defense or any claimed lack of due process which was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction, or on direct appeal from the judgment. *State v. Perry*, 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus (1967). As noted above, evidence of venue was available to Appellant prior to trial, and could have been raised prior to his plea of guilty. We find his claim of improper venue is now barred by res judicata.

{¶13} Finally, Appellant pled guilty to the charges in the instant case. A plea of guilty waives a claim venue was improper. *State v. McCartney*, 55 Ohio App.3d 170, 563 N.E.2d 350, 351 (9th Dist. Summit 1988).

**{¶14}**  The second assignment of error is overruled.

**{¶15}**  The judgment of the Stark County Common Pleas Court is affirmed.


By: Hoffman, P.J.

Wise, John, J.  and

Baldwin, J. concur