[Cite as *State v. Jensen*, 2020-Ohio-1411.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ANDREW JENSEN | : | Case No. 19 AP 0004 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Morgan County
                             Court of Common Pleas, Case No.
                             18-CR-0017

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            April 9, 2020

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

DAVE YOST                                 WILLIAM L. BURTON
Ohio Attorney General                     DONALD W. BURTON
By: LINDA MAJESKA POWERS                   119 Maple Street
615 W. Superior Ave., 11th Fl.            Marietta, Ohio 45750
Cleveland, Ohio 44113

JANNA C. WOODBURN
Assistant Prosecuting Attorney
19 East Main Street
McConnelsville, Ohio 43756-1125

MARK HOWDYSHELL
Prosecuting Attorney
19 East Main Street
McConnelsville, Ohio 43756-1125

*Baldwin, J.*

{¶1}   Andrew Jensen appeals the sentence imposed by the Morgan County Court of Common Pleas claiming the trial court lacked subject matter jurisdiction to impose the sentence and that the trial court erred by not ruling that witness Gary Foster was not competent to testify, violating his right to prepare a defense.   Appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

{¶2}   After exchanging several pleadings disputing various legal issues and an attempt to solicit the aide of the Supreme Court of Ohio, Andrew Jensen changed his plea to guilty and admitted the facts alleged in the indictment.  He was sentenced to eight and one half years in prison, ordered to pay restitution and to pay the costs of prosecution, all of which were part of a negotiated plea.  He now contends that the trial court erred in sentencing him as it did not have jurisdiction to do so, and that it erred by failing to find a potential witness not competent to testify, violating his constitutional right to prepare his defense.

{¶3}   On May 11, 2018, the Morgan County Grand Jury issued a twenty-nine count indictment against Jensen, asserting various fraudulent and theft offenses.  The indictment's introductory paragraph stated that Jensen committed the offenses "while in Morgan County, Ohio, or another county whereby venue is properly placed in Morgan County, Ohio." Each count of the indictment referenced the pertinent Revised Code section allegedly violated and the relevant language of the statute, the alleged date of the offense and a reference to the general allegation that the offense took place in Morgan County.

**{¶4}** Jensen was arrested in Clark County, Nevada, extradited to Ohio and held on a $500,000.00 bond. He requested that his bond be reduced, and the trial court denied the request. (Journal Entry, July 27, 2018, Docket # 8). Jensen filed a motion to dismiss all counts contending that the court did not have jurisdiction to proceed. (Motion to Dismiss and Request for Hearing, October 11, 2018, Docket # 16). Jensen filed a Motion requesting disclosure of the grand jury proceedings, alleging that the prosecutor misstated the law regarding jurisdiction when addressing the grand jury and that the indictments were without probable cause or a basis in law. (Motion for the Grand Jury Record, December 19, 2018, Docket #26). The trial judge recused himself on December 20, 2018 without ruling on the motions and requested that the Supreme Court of Ohio appoint a new judge. (Journal Entry: Order of Recusal, December 20, 2018, Docket # 27). Judge Michael Ward was appointed to hear the case with an effective date of December 24, 2018. (Certificate of Assignment, January 7, 2019, Docket # 32).

**{¶5}** Appellee opposed Jensen's motions and a motion hearing was scheduled for January 29, 2019. The trial court conducted a pretrial on January 15, 2019 and heard oral argument on the motion for the grand jury record and the motion to dismiss, with the latter argument limited to whether Jensen was entitled to an evidentiary hearing on January 29, 2019. The trial court granted Jensen leave to file a post hearing memorandum regarding the request for grand jury transcript, and the appellee was permitted to respond. Both parties submitted pleadings in support of their position on disclosure of the grand jury proceedings.

**{¶6}** The trial court denied the motion to dismiss and the motion for disclosure of the grand jury proceedings. The trial court found the motion to disclose the grand jury

proceedings premature, and noted that it may be renewed at trial but that the precedent did not support disclosure for the purposes intended by Jensen. (Entry Denying Motion for Grand Jury Transcript, February 11, 2019, p. 2, Docket # 45). The trial court also found the motion to dismiss premature and that the court was limited to "determining whether the language in the charging document alleges an offense." (Entry on Defendant's Motion to Dismiss, February 11, 2019, p. 2, Docket # 46). The trial court found that Jensen's motion to dismiss would be more properly addressed in a Crim.R. 29 Motion at trial. The trial court concluded its entry by outlining the issues it believed may arise in such a motion by referring to the indictment and the arguments of counsel and invited the parties to submit pre-trial briefs on or before April 1 for the May 13, 2019 trial.

{¶7} Jensen then filed a motion to sever counts, a motion to suppress documents and records, and a motion to dismiss for selective prosecution. (February 15, 2019, Docket # 47, 48, 49). Appellee opposed the motions and the trial court denied all three on March 11, 2019. (March 11, 2019 Entries, Docket # 56, 57, 58). Jensen filed an Affidavit for Disqualification with the Supreme Court of Ohio on March 12, 2019 alleging that the trial court judge had a "fixed anticipatory judgment of major issues in this case," expressed "blatant favoritism toward the prosecution" and " bias toward the defendant" and refused to "abide by the Rules of Professional Conduct and Judicial Code of Conduct." (Affidavit for Disqualification, March 15, 2019, p. 15, Docket #59). The Supreme Court of Ohio denied the affidavit of disqualification, concluding that a "judge is presumed to follow the law and not to be biased, and the appearance of bias must be compelling to overcome these presumptions. *** Those presumptions have not been

overcome in this case." (Judgment Entry and Decision, issued April 3, 2019, filed with the trial court April 9, 2019, p. 3, Docket #63).

{¶8}    The appellee filed a motion to amend the indictment, alleging that the amendment clarified the charges and does not change the name or identity of the crimes charged.  Appellee contended that the amendments were offered to accomplish these goals:

1.      Clarify the Telecommunication Fraud offense alleged in Count 1.

2.      Clarify the dates of offense alleged.

3.      Make a stylistic change to insert "within Morgan County, Ohio or another county whereby venue is properly placed in Morgan County, Ohio" within the language of each count, instead of having all the counts relate back to the language contained on page 1 of the indictment (which states that each offense occurred "while in Morgan County, Ohio or another county whereby venue is properly placed in Morgan County, Ohio").

4.      Clarify the value of the property taken in each count.

5.      Clarify the "transaction" alleged in the Money Laundering offense alleged in Count 21.

6.      Clarify the Theft offense alleged in Count 24.

{¶9}    The amendment also alerted the court that Counts 3-10 and 29 would be dismissed by separate entry. (Motion to Amend Indictment, March 22, 2019, p. 1-2, Docket #62).

-

**{¶10}** The record does not contain a pleading from Jensen opposing the Motion to Amend the Indictment, but he did file a supplement to his motion to suppress and a motion for a discovery order. (Motions, April 16, 2019, Docket # 67, 68).

**{¶11}** The trial court granted the motion to amend the indictment and dismiss several counts, allowed Jensen until April 23, 2019 to supplement his motion for discovery and ordered that Jensen supplement his motion to suppress with specificity as to Exhibit A attached to his April 16, 2019 supplement by that same date. (Journal Entry, April 22, 2019, Docket # 71).

**{¶12}** Jensen filed a motion in limine regarding the competency of Gary Foster (Motion in Limine to Disallow Gary Foster from Testifying Due to Incompetence and Request for Hearing, April 25, 2019, Docket #72). and appellee opposed the motion. On the date the motion was filed, the trial court dismissed Jensen's motion for discovery and set a hearing date of May 1, 2019 for Jensen's motion to suppress documents and Motion in Limine regarding Gary Foster's Competency. At that hearing the trial court denied the motion to suppress and "reserved ruling" on Mr. Foster's competency.  The trial court invited the parties to file supplemental memoranda on that issue on or before May 6, 2019 as well as case law and memoranda regarding the hypothetical question regarding theft by deception committed in Ohio when the proceeds were expended in another state, specifically addressing the jurisdiction of the court.  The parties filed pleadings on both issues.

**{¶13}** Jensen requested a continuance of the trial on May 8, 2019, appellee opposed the motion, and the motion was denied on May 8, 2019 during a phone conference. (Journal Entry, May 9, 2019, Docket # 88).  Jensen filed a second motion to

continue on May 10, 2019 and a supplement to that motion on May 11, 2019. That motion was denied.  Jensen filed a complaint for writ of prohibition and a motion for emergency stay with the Supreme Court of Ohio on May 13, 2019.  Ultimately, on July 24, 2019 the Supreme Court of Ohio dismissed both matters upon consideration of the trial judge's motion to dismiss and sua sponte for failure to state a claim in prohibition.  The emergency stay was denied as moot as the trial had been resolved by a guilty plea.

{¶14}  On the second day of trial, May 14, 2019, Jensen withdrew his not guilty plea, expressly waived his right to a jury trial and entered a guilty plea to all pending charges.   His written guilty plea is patterned after the indictment and contains a comprehensive description of each charge, including the date of the offense and that the offense occurred "within Morgan County, Ohio or another county whereby venue is properly placed in Morgan County, Ohio ***." Jensen also acknowledged that by the advice of competent counsel, he "knowingly, intelligently and voluntarily agree[d] to the factual basis as stipulated on the record in court and assert[ed] that it is true and accurate as it relates to my plea of guilty for" all of the counts in the amended indictment. (Plea of Guilty, May 14, 2019, p. 13, Docket # 97).

{¶15}  On June 24, 2019, the Court imposed an eight year and six month prison term, gave Jensen credit for time served of 361 days, ordered Jensen to pay court costs, prosecution costs and reimbursement of indigent counsel fee, and ordered him to pay restitution totaling $610,006.00.

{¶16}  Jensen filed a notice of appeal and submitted two assignments of error:

{¶17}  "I. THE TRIAL COURT ERRED, AND VIOLATED DUE PROCESS, WHEN IT ENTERED CONVICTIONS AND SENTENCES FOR FOURTEEN COUNTS OF

TELECOMMUNICATIONS FRAUD, THEFT, AND MONEY LAUNDERING FOR WHICH IT DID NOT HAVE JURISDICTION. COUNTS 1, 2, 11, 12, 13, 14, 15, 16, 17, 18, 21, 24, 27, AND 28, AS THE TRIAL COURT LACKED JURISDICTION OVER THOSE ALLEGED OFFENSES."

{¶18} "II. THE TRIAL COURT ERRED IN NOT RULING THAT GARY FOSTER, THE STATE'S MAIN WITNESS, WAS INCOMPETENT TO TESTIFY, AND IN DOING SO VIOLATED APPELLANT'S SIXTH AMENDMENT RIGHT TO PLAN A DEFENSE. (SIXTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION; SECTIONS 10 AND 16, ARTICLE I, OHIO CONSTITUTION)."

### STANDARD OF REVIEW

{¶19} Jensen challenges the trial court's implicit finding that it had subject matter jurisdiction to proceed to judgment and impose a sentence in his first assignment of error. Questions regarding a trial court's jurisdiction present an issue of law. See, e.g., *State v. Spezzalli*, 2nd Dist., Clark App. No. 97-CA-0127, 1998 WL 771408 (Sept. 25, 1998) *2. An appellate court reviews such legal determinations de novo without any deference to the conclusion of the trial court. *Dazey v. Pollock*, 5th Dist. Stark No. 2006 CA 00064, 2006-Ohio-4850, ¶ 9 (Citations omitted). *Accord Burns v. Daily* (1996), 114 Ohio App.3d 693, 683 N.E.2d 1164 (The trial court's entry of a support order in this case implies that the court believed it possessed subject-matter jurisdiction. This court will review that legal determination de novo without any deference to the conclusion of the trial court.).

{¶20} In his second assignment of error, Jensen alleges the trial court erred in failing to rule on a motion in limine to bar the testimony of a witness due to lack of competency.  "We review a trial court's determination of a witness' competency under an

abuse of discretion standard. In demonstrating an abuse of discretion, appellant must show more than error of law or judgment, he must show the trial court's attitude was unreasonable, arbitrary or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144." *State v. Graber,* 95 N.E.3d 631, 638 (5th Dist.2003).  However, Jensen's guilty plea has an impact on our analysis as "a guilty plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established." *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, ¶ 78. We will first determine whether the error was waived by the guilty plea upon consideration of the second assignment.

## ANALYSIS

{¶21}  In his first assignment of error, Jensen contends that "[b]ecause jurisdiction cannot be established under R.C. 2901.11 for counts 1-2, 11-18, 21, 24, and 27-28, the trial court violated his due process rights when it convicted and sentenced him on those counts." "The trial court" he concludes "erred in entering judgments of conviction on fourteen counts which were jurisdictionally barred from being prosecuted in Ohio." Appellant's Brief, p. 30.

{¶22}  Jensen entered a guilty plea to the charges in the indictment and therefor waived any error committed by the trial court, with the exception of subject matter jurisdiction.  "'Jurisdiction' means the courts' statutory or constitutional power to adjudicate the case. *** Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004–Ohio–1980, ¶ 11 (Citations omitted.).

Consequently, we review the record to determine whether the trial court had subject matter jurisdiction.

**{¶23}** A court of common pleas has subject matter jurisdiction of criminal cases pursuant to R.C. 2931.03 *State v. Mitchell,* 5th Dist. Guernsey No. 07–CA–17, 2008–Ohio–101, ¶ 32. A common pleas court has original jurisdiction in felony cases and its jurisdiction is invoked by the return of an indictment. *Click v. Eckle,* 174 Ohio St. 88, 89, 186 N.E.2d 731 (1962). Revised Code 2901.11(A) provides " A person is subject to criminal prosecution and punishment in this state if *** [t]he person commits an offense under the laws of this state, any element of which takes place in this state."

**{¶24}** In the matter before us, the charges in the amended indictment contain an allegation that felony offenses occurred "within Morgan County, Ohio or another county whereby venue is properly placed in Morgan County, Ohio" or, in charges relating to Count one in which the aforementioned languages is contained, a reference to "in the county aforesaid." The indictments also contain a citation to the relevant code section, the date of the offense and the appropriate statutory language.

**{¶25}** Jensen and his counsel executed a guilty plea that mimicked the language of the indictment stating that the offenses occurred "within Morgan County, Ohio or another county whereby venue is properly placed in Morgan County, Ohio." The Morgan County Court of Common Pleas therefore had subject-matter jurisdiction over appellant's case. *State v. Poissant,* Fairfield No. 08 CA 7, 2009–Ohio–4235, ¶ 20, appeal not allowed, 123 Ohio St.3d 1510, 917 N.E.2d 812, 2009–Ohio–6210.

**{¶26}** Jensen argues that the trial court lacked jurisdiction because the offenses did not occur within Morgan County or the State of Ohio, citing to motions exchanged by

the parties in the trial court. Jensen characterizes his argument as an assertion that the trial court lacked jurisdiction, but a more complete description of his assignment of error would be that he is attacking the factual basis of subject matter jurisdiction relying upon motions filed and assertions made prior to his submission of a guilty plea. Jensen's argument, therefor, is that the trial court ignored material facts.

{¶27} The fault in Jensen's argument is that "*** a plea of guilty, from an early period in the history of criminal procedure, both in England and in the several states of the Union, has been regarded as an admission of every material fact well pleaded in the indictment, dispensing with the necessity of proving them, and authorizing the court to proceed to judgment." 4 Bl. Comm. 329; 1 Chit. Crim. Law, 429; *Crow v. State,* 6 Tex. 334; 1 Bish. Crim. Pr. 795. *Craig v. State*, 49 Ohio St. 415, 417–18, 30 N.E. 1120, 1121 (1892), Accord *Rodriguez v. Sacks*, 173 Ohio St. 456, 457, 184 N.E.2d 93, 94 (1962) (By pleading guilty petitioner admitted all the well pleaded material facts in the indictment and waived a trial.) The amended indictment contained a clear and express allegation that the offenses occurred in Morgan County and Jensen's plea admitted that fact as well as the commission of the crimes described within every count. His guilty plea waived any objection to the factual basis for the finding of guilt. *State v. Strong*, 6th Dist. Lucas No. L-18-1049, 2018-Ohio-5289, ¶¶ 13-15; *Menna v. New York* (1975), 423 U.S. 61,-63, 96 S.Ct. 241, 46 L.Ed.2d 195 fn. 2. Appellant's plea provides the necessary proof of the elements of the crime and sufficient evidence to support the conviction. *State v. Isbell,* 12th Dist. Butler No. CA2003–06–152, 2004–Ohio–2300, ¶ 16 as quoted in *State v. Ahmad*, 5th Dist. Licking No. 17-CA-71, 2018-Ohio-181, ¶ 12. "A plea of guilty obviates the necessity of a trial and the presentation of evidence to establish the guilt of the

accused. No duty was imposed on the trial court to require or to examine \*\*\* evidence to determine whether the evidence justified appellant's plea of guilty." *McAuley v. Maxwell*, 174 Ohio St. 567, 568–69, 190 N.E.2d 922 (1963).

**{¶28}** The facts before the trial court, as admitted by the guilty plea, established that the offenses occurred in Morgan County, Ohio or in another county such that venue in Morgan County would be proper. Venue would be properly placed in Morgan County under R.C. 2901.12 only if "the offense or any element of the offense was committed" in Morgan County, so that provision does not alter the conclusion that Jensen has agreed to facts that support the Morgan County Court of Common Pleas' subject matter jurisdiction. Further Jensen's plea waived objections to venue and personal jurisdiction. *State v. McCartney,* 55 Ohio App.3d 170, 563 N.E.2d 350, 351 (9th Dist. Summit 1988) as quoted in *State v. Buchman*, 5th Dist. Stark No. 2019CA00109, 2019-Ohio-4276, ¶ 13. Accord *State v. Santana,* 6th Dist. Williams No. WM-14-002, 2015-Ohio-563, ¶¶ 8-10 (Appellant waived the personal jurisdiction issue by entering into his original plea of not guilty.).

**{¶29}** We hold that the indictment was sufficient to establish subject matter jurisdiction in the Morgan County Court of Common Plea and that Jensen's guilty plea accepted the facts as stated in the indictment. *State v. Thacker*, 4th Dist. Lawrence No. 04CA5, 2004-Ohio-3978, ¶ 1. The motions, arguments and other references to locations where some or all of any offense allegedly occurred were rendered irrelevant by Jensen's guilty plea.

**{¶30}** Appellant's first assignment of error is overruled.

**{¶31}** Jensen asserts in his second assignment of error that the trial court erred by not ruling in his favor on a motion in limine to exclude the testimony of Gary Foster due to his incompetency as a witness. Jensen's plea of guilty waives any error regarding this motion. Further, the trial court's ruling on that motion would not have an impact on Jensen's ability to plan a defense, and, in the context of this case, the court's ruling is not a final appealable order subject to review.

**{¶32}** Jensen filed a Motion in Limine to Disallow Gary Foster from Testifying Due to Incompetence and Request for Hearing and within the motion described what he described as Mr. Foster's inability "to correctly state matters which have come within his perception." (Motion in Limine, April 25, 2019, p.8, Docket # 72). The trial court issued some preliminary findings in an email to counsel and journalized the email with an entry on May 1, 2019. The trial court heard argument regarding the motion in limine on May 1, 2019 but reserved ruling and invited the parties to submit supplemental memoranda on or before May 6, 2019. (Entry on May 1, 2019 Hearing, May 6, 2019, p. 1, Docket #79). Both parties submitted supplemental memoranda on May 6, 2019, but the trial court had no need to rule on the issue because Jensen changed his plea to guilty.

**{¶33}** Jensen cannot contest a pretrial evidentiary ruling after having entered a guilty plea. Such a plea waives any alleged error in the trial court's ruling on witness competency. A voluntary guilty plea waives nonjurisdictional defects. *Johnson v. Petrovsky (*C.A.8, 1980), 626 F.2d 72. *State v. Brunner*, 4th Dist. Ross No. 1654, 1991 WL 99669, *2 Thus, when a defendant enters a plea of guilty as a part of a plea bargain he waives all appealable errors, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. *State v. Kelley*, 57 Ohio St.3d 127,

566 N.E.2d 658 (1991); State v. Barnett, 73 Ohio App.3d 244, 249, 596 N.E.2d 1101 (1991). See also, *State v. Wotring,* 11th Dist. Lake No. L-99-114, 2003-Ohio-326, at ¶ 22, appeal denied, 99 Ohio St.3d 1452, 790 N.E.2d 1217 (2003).The effect of a voluntary, knowing, and intelligent guilty plea is the waiver of any" "independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, at ¶ 117, quoting *State v. Fitzpatrick,* 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 78 quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct 1602, 36 L.Ed.2d 235 (1973). Jensen waived any argument he may have had regarding the ruling when he entered a plea of guilty, admitting that he committed the crimes described in the indictment and making the decision regarding Foster's competency and his testimony unnecessary.

**{¶34}** Even had the trial court ruled on the motion in Jensen's favor:

A decision denying or granting a motion in limine does not finally determine the admissibility of the evidence to which it is directed. Rather, it is a "'tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue.'" The trial court is at liberty to change its ruling once the hearing or trial has begun. Therefore, finality does not attach when a motion in limine is decided and those decisions are not final orders.

*Henderson v. Henderson,* 10th Dist. No. 02AP-200, 150 Ohio App.3d 339, 2002-Ohio-6496, 780 N.E.2d 1072, ¶ 8 (Citations omitted.).

**{¶35}** So, regardless of the trial court's decision, or absence of decision, Jensen's complaint that he was unable to properly prepare for trial without knowing whether the

trial court would permit Foster's testimony is unsupportable as the state would still have the option to present the testimony and Jensen would still have to accept the risk that it would be allowed and prepare accordingly.

{¶36} Appellant's second assignment of error is denied and the decision of the Morgan County Court of Common Pleas is affirmed.


By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.